490 So.2d 40 (1986)
THE FLORIDA BAR, Complainant,
v.
David A. DANCU, Respondent.
No. 66547.
Supreme Court of Florida.
June 5, 1986.
Rehearing Denied July 16, 1986.
*41 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Richard B. Liss, Bar Counsel, Fort Lauderdale, for complainant.
Arthur M. Wolff of Wolff and Gora, Fort Lauderdale, for respondent.
BARKETT, Justice.
This disciplinary proceeding against David A. Dancu, a member of The Florida Bar, is presently before us upon complaint of The Florida Bar and the referee's report. Respondent has filed a petition for review. We have jurisdiction. Art. V, § 15, Fla. Const.
On January 25, 1985, respondent entered into a consent judgment for an unconditional guilty plea to various violations of the Code of Professional Responsibility. The Florida Bar approved respondent's plea. The consent judgment recites the following facts. Respondent successfully represented a client in obtaining the release of life insurance proceeds in the amount of $934,520.40 from an insurance company. Despite advising his client that the money had been deposited in a trust account, he opened a money market account in his own name and deposited the insurance proceeds in that account without his client's knowledge or consent. The funds generated approximately $8,812.00 in interest while in the money market account. When respondent gave the insurance proceeds to his client, he did not include any of the interest generated by her money. The client inquired about the lack of interest, and respondent provided bank records which purported to show that the money had been held in a non-interest bearing account. Only when the client's accountant sought further information with respect to the bank records did respondent acknowledge that the money had been held in an interest-bearing money market account and refund the interest to the client.
In March 1985, a referee was appointed to preside in the disciplinary action. The referee recommended, and the Florida Bar agreed, that the respondent should be suspended for thirty days. This Court, however, rejected the referee's recommendation, remanded for reconsideration, and noted that the "agreed penalty appears to be unduly lenient."
Despite The Florida Bar's adherence to its prior recommendation of a thirty day suspension, the referee now recommends the following penalty:
1. A suspension from the practice of law for a period of six (6) months and continuing thereafter until proof of rehabilitation.
2. As part of the proof of rehabilitation, successful passage of the ethics portion of the Multistate Bar Examination.
3. Taxation of costs in the amount of Four Hundred Forty Nine Dollars and Fifty One Cents (449.51) against Respondent, with execution to issue and with interest at a rate of twelve per cent (12%) to accrue on all costs not paid within thirty (30) days of the Supreme Court's Final Order in this cause, unless the time for payment is extended by the Board of Governors of The Florida Bar.
The single most important concern of this Court in defining and regulating the practice of law is the protection of the public from incompetent, unethical, and irresponsible representation. The Florida Bar v. Moses, 380 So.2d 412, 417 (Fla. 1980). The very nature of the practice of law requires that clients place their lives, their money, and their causes in the hands of their lawyers with a degree of blind trust that is paralleled in very few other economic relationships. Our primary purpose in the disciplinary process is to assure that *42 the public can repose this trust with confidence. The direct violation of this trust by stealing a client's money, compounded by lying about it, mandates a punishment commensurate with such abuse. The misconduct in the instant case clearly supports the referee's recommendations of six months suspension and proof of rehabilitation including passage of the ethics portion of the Multistate Bar Examination. Accordingly, we adopt the referee's recommendations.
Respondent is suspended from the practice of law effective thirty days from the release of this opinion. Judgment is hereby entered against respondent for costs in the amount of $449.51, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON and McDONALD, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
EHRLICH, Justice, concurring specially.
I write this concurring opinion to discuss the role of The Florida Bar in this case.
The facts are clear and relatively uncontroverted. Respondent devised a scheme to steal from his client. When the client made inquiry as to the facts which would have disclosed his dishonesty, respondent devised a further scheme by lying to cover up his dishonest act, but the client persisted in her inquiry which brought the whole matter to light.
Respondent filed a consent judgment for an unconditional guilty plea and waived a probable cause finding wherein he recited that the Bar's position was that a 30-day suspension with automatic reinstatement was appropriate, but that he felt that a reprimand was sufficient. The Bar requested this Court to approve respondent's unconditional guilty plea and appoint a referee to consider the cause and make appropriate recommendations to the Court. After a referee was appointed, respondent advised the referee that he would agree to accept as his sanction a suspension from the practice of law for a period of 30 days. The referee filed his report with the Court accepting respondent's consent judgment and recommending a 30-day suspension from the practice of law. This Court rejected the referee's recommendation because "the agreed penalty in this cause appears to be unduly lenient" and said that further findings as to the appropriate sentence are necessary.
A hearing was duly held and the referee filed a second report wherein he recommended discipline which the Court has approved. Respondent filed a petition for review to moderate the discipline to the earlier recommendation of the Bar, along with a brief and appendix. The Bar filed no brief but advised the Court that in view of the fact that respondent was requesting the sentence previously recommended by it "The Florida Bar hereby joins in respondent's petition for review and initial brief." In short, the Bar persisted in its initial recommendation that a 30-day suspension was the appropriate penalty.
A disciplinary proceeding is an adversarial proceeding. We look to the parties for briefs setting forth their respective positions and arguments in support thereof. The Florida Bar is a party to such proceeding. It occupies a special and unique role in the administration of bar discipline. It is, in effect, the prosecutor in all disciplinary proceedings, as an agency of this Court. The preamble to the Integration Rule provides in part:
The Florida Bar, a body created by and existing under the authority of this Court, is charged with the maintenance of the high standards and obligations of the profession of law, and to that end is vested by this Court, in the exercise of its inherent powers over The Florida Bar as an official arm of this Court, with the necessary powers and authority.
The Board of Governors of The Florida Bar is assigned by the Integration Rule the responsibility of maintaining the high ethical standards among the members of The Florida Bar and it is charged with supervising and conducting disciplinary proceedings *43 in accordance with the provisions of the disciplinary rules and bylaws of The Florida Bar.
The Bar is directed to advise a respondent, in the event of a consent judgment, of the discipline it will recommend to the referee. Fla.Bar Integr. Rule 11.13(6). Acceptance of any proposed consent judgment more severe than a private reprimand is conditional on final approval by this Court.
While the Court may not necessarily agree with the Bar's position on a particular point, its view is not only sought but is essential to the proper functioning of the adversary system. Its position ought to be reasoned and supported by the facts and the law, always keeping in mind the ultimate objective of bar discipline.
In this case, the Court declined to accept the referee's initial recommended discipline which was based on the recommendations of the Bar and the respondent because "the penalty in this cause appears to be unduly lenient." It should have been obvious to the Bar that the Court was disturbed and bothered by recommendation for 30-day suspension for the offense of stealing from a client. If the Bar had a basis for its recommendation it should have been passed on to the Court. If it had no basis, then it was totally unjustified in making its recommendation. Were there mitigating and extenuating circumstances? Were there facts that the Court should have known to justify the Bar's position? These things should have been made known to the Court if any existed. Yet, all the Court received was a letter stating that the Bar was adhering to its previous recommendation. The Court is entitled to more than this. In my opinion, the Bar was grossly cavalier in its handling of the claim.
I have studied the entire record and I have difficulty reconciling a 30-day suspension as being the proper discipline for stealing from a client and then lying to cover up the fact. If these offenses merit that token discipline, then pray tell when is a suspension with proof of rehabilitation or disbarment in order? If I were privy to the Bar's thought process in coming up with its recommendation, I would probably not be so very critical, but since the Bar has not made known to the Court the factual underpinnings of its recommendation, I can only conclude that the judgmental processes of those responsible were seriously impaired in this case. In my opinion, the Bar utterly failed to measure up to its disciplinary responsibilities. Hopefully the handling of this case is nothing more than a remote aberration.
I am of the opinion that stealing from a client calls for disbarment, but I accept that mitigating factors may well lessen the necessity for this ultimate in discipline. I accept that there are present sufficient mitigating factors herein to justify a lesser discipline, and I am willing to follow the referee's recommended discipline.