PER CURIAM.
In 1980 Hessler, a member of the Florida Bar, pleaded guilty to one count of second-degree grand theft for misappropriating $80,000 from the estate of one of his clients. The trial court sentenced him to a five-year term of imprisonment, and this Court suspended him from the practice of law. Hessler was paroled in August 1982 with his full civil rights restored in December 1983. He petitioned for reinstatement to the bar in 1985.
After the hearing on reinstatement, the referee found that Hessler had rehabilitated himself and that he should be readmitted to the practice of law. The referee acknowledged the bar's insistence on full restitution being made prior to reinstatement, but agreed to Hessler’s proposed schedule of restitution on an installment plan due to the unusual circumstances of this case. According to Hessler and the referee, the two heirs of the estate to whom restitution should be made cannot be located. Therefore, Hessler contended, and the referee agreed, that restitution is not imperative because there is no one to whom it should be made.
After initially examining the file in this case, the Court returned it to the referee for clarification because of the vagueness of the repayment plan and the general paucity of information. (Originally, the file did not even disclose the amount that Hessler had misappropriated.) As an addendum, the referee noted that $80,000 had been misappropriated to which the referee added $22,102.50 in interest (calculated at five percent per annum from 1980 until May 15, 1986). Also, the addendum contains a retyped copy of the proposed restitution schedule and an original revocable trust agreement providing that the referee will be trustee of the funds repaid and that those funds will go to the rightful owners of the funds if claimed within three years after full restitution, failing which the funds will go to the “Florida Bar Restitution Fund.” * The bar again insists that full restitution should be made before Hes-sler is reinstated.
We agree with the bar. If indeed the heirs cannot be located, a guardian or trustee can be appointed to receive the funds for them. A repayment schedule as proposed by Hessler and the referee would in effect allow Hessler to borrow money from the wronged party to enable him to once again become a lawyer. Funds for readmission should come from another source.
We have not made it a practice to permit restitution on an installment plan and see no reason to commence that practice here. If a suspended lawyer wants to enjoy the privilege of practicing law after having been convicted of thievery, he should settle the debt created by his dishonest acts in full before readmission.
We therefore deny Hessler’s petition for reinstatement. Upon his satisfactory showing that full restitution plus interest is made, we will reconsider.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS and BOYD, JJ., dissent.

Presumably, the clients’ security fund.