PER CURIAM.
This attorney-discipline proceeding is before us on The Florida Bar’s complaint and *1032 the referee’s report. We have jurisdiction. Art. V, § 15, Fla. Const.
The respondent initially entered a conditional guilty plea for consent judgment for the imposition of a 60-day suspension before the referee. This Court disapproved the conditional guilty plea and discipline, remanding the cause to the referee for a full disciplinary proceeding on the merits, 506 So.2d 1031. After a hearing on the merits, the referee found that respondent violated Rule 11.02(3)(a) (conduct contrary to honesty, justice or good morals) of the Integration Rule of the Florida Bar, and Disciplinary Rules 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law) of The Florida Bar Code of Professional Responsibility. The referee now recommends respondent be suspended from the practice of law for one year, with proof of rehabilitation prior to any subsequent reinstatement, and that he pay costs.
Respondent argues that the recommended suspension is too harsh. We disagree. The record reflects that Farver intentionally deprived his law firm of fees paid to him by the firm’s clients. We approve the referee’s findings and recommendations. Accordingly, we hereby suspend respondent from the practice of law for one year, effective thirty days from the date this opinion becomes final, thereby giving respondent sufficient time to close out his practice and take the necessary steps to protect his clients. Judgment for costs in the amount of $1,618.67 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.