537 So.2d 992 (1989)
THE FLORIDA BAR, Complainant,
v.
John J. SCHILLER, Respondent.
No. 71830.
Supreme Court of Florida.
February 2, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
John J. Schiller, Fort Myers, in pro. per.
PER CURIAM.
This disciplinary proceeding is before us on complaint of the Florida Bar and the referee's report. The referee recommends suspending Schiller for two years, followed by a one-year probation, for misappropriating client trust funds. The Florida Bar petitioned for review, arguing that Schiller should be disbarred. We have jurisdiction under article V, section 15 of the Florida Constitution. We accept the referee's findings of fact, but suspend Schiller for three years.
The record discloses the following facts. After being notified that a grievance had been filed against him, Schiller disclosed a deficit of approximately $10,000 in his trust account. Prior to meeting with the bar, Schiller deposited $9,000 of his own funds towards that deficit. An audit of his trust account between June 1982 and October 1987 disclosed deficits gradually increasing to over $29,000 on September 21, 1987. Following a determination of the exact deficit, Schiller borrowed money and covered the entire shortage. Schiller testified that he knowingly wrote checks on the trust account without authorization and that he used his clients' money for his own purposes.
The referee recommends finding Schiller guilty of commingling client funds, failing to promptly deliver client trust funds, utilizing funds for purposes other than those for which entrusted, and failing to keep sufficient trust records, inter alia. He recommends a two-year suspension, one-year probation, and successful completion of the *993 Florida Bar ethics exam. As stated earlier, the Florida Bar seeks disbarment.
The misuse of client funds is one of the most serious offenses a lawyer can commit. The Florida Bar v. Newman, 513 So.2d 656 (Fla. 1987); The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979). Upon a finding of misuse or misappropriation, there is a presumption that disbarment is the appropriate punishment. This presumption, however, can be rebutted by various acts of mitigation, such as cooperation and restitution. See The Florida Bar v. Pincket, 398 So.2d 802 (Fla. 1981).
In this case the record demonstrates that disbarment is not the appropriate punishment. By the time of the final hearing, Schiller had replaced in his trust account all the money he misappropriated. There is no indication that the misappropriations directly damaged any clients. Moreover, Schiller has undertaken to pay trust funds to those medical providers who are entitled to receive them. The referee noted that Schiller seemed to be genuinely remorseful and appeared to be a good candidate for rehabilitation. Because of the above-stated factors we conclude that disbarment is not the appropriate sanction in this case. On the other hand, we find that the recommended punishment is insufficient to impress upon Schiller, the rest of the profession, and the public that Schiller's misconduct was egregious.
Therefore, we hereby suspend Schiller for a period of three years and thereafter until he shall prove his rehabilitation, pay the cost of this proceeding, and pass the ethics portion of the Florida Bar examination. In order to protect his clients and close out his practice in an orderly fashion Schiller's suspension will be effective thirty days from the date this opinion is filed. Schiller will accept no new business after this opinion's filing date. Judgment is entered against Schiller for costs in the amount of $5,490.06, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs in part and dissents in part with an opinion.
EHRLICH, Chief Judge, concurring in part and dissenting in part.
I concur with the court's finding of guilt but I dissent as to the appropriateness of the discipline imposed.
The conduct engaged in by Mr. Schiller meets the statutory definition of theft.[*] The referee found "that respondent knowingly converted to his own use an amount in excess of $29,000." He lied to The Florida Bar to cover his theft. Again the referee found that "[a]lthough he was aware of his use of client trust money and the deficit in his trust account, in 1986 and 1987 he signed and submitted to The Florida Bar a statement that his trust accounts were in substantial compliance with rules governing attorneys' trust accounts." Disbarment is the appropriate discipline for stealing. See The Florida Bar v. Hartman, 519 So.2d 606, 609 (Fla. 1988) (Ehrlich, J., concurring in part and dissenting in part); The Florida Bar v. Kent, 484 So.2d 1230, 1231 (Fla. 1986) (Ehrlich, J., concurring in part and dissenting in part). As I stated in The Florida Bar v. Farver: "Suffice it to say that absent extenuating circumstances there should be no place in The Florida Bar for lawyers who steal from whomsoever." 506 So.2d 1031, 1032 (Fla. 1987) (Ehrlich, J., concurring in part and dissenting in part). I am aware of no extenuating circumstances that would relieve Mr. Schiller of the culpability of his acts.
It seems to me that the Court is continuing to temporize with errant members of *994 the bar who steal. The governing body of The Florida Bar, the Board of Governors, has recommended that Mr. Schiller be disbarred for his conduct, and I agree.
NOTES
[*] Section 812.014, Florida Statutes (1987) states, in relevant part:

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.