PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee’s report finding Isaac H. Nunn guilty of professional misconduct and recommending disbarment retroactive to Nunn’s suspension on December 15, 1988. Nunn petitions for review seeking suspension as opposed to disbarment. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We accept *1054 and impose the referee’s recommended discipline of disbarment retroactive to the December 15, 1988 suspension.
Nunn was hired by a client to represent her minor son in a personal injury matter. In October 1987, Nunn received two checks from an insurer in the amounts of $1,210.23 and $4,840.92 as payment for medical expenses in the case. Instead of placing the funds in a trust account, Nunn deposited the checks into his general operating account, which had a deficit balance of $48.42, and proceeded to use the funds to pay both obligations of his practice and obligations personal to himself.
Nearly a year after Nunn received the checks, he was suspended from the bar for an unrelated matter and referred the client’s case to another attorney. The attorney that took over representation of the client inquired of Nunn as to the status of the funds. After initially refusing to respond, Nunn made a partial payment of $3,000 in November 1988. Full restitution had not been made by the date of the disciplinary hearing on August 9, 1991. However, Nunn did pay an additional $3,000 on August 26, 1991 and $24.94 on October 31, 1991, which constituted full restitution.
The referee recommended that Nunn be found guilty of violating rule 5-1.1 of the Rules Regulating The Florida Bar for failing to maintain a trust account for funds received on behalf of his client and for applying such funds to his own use. The referee further recommended that Nunn be disbarred retroactive to his December 15, 1988 suspension and that he have leave to apply for readmission to the bar.[1] Nunn asserts that the referee improperly considered certain aggravating factors and that, given the substantial mitigating factors in this case, disbarment is an improper discipline. We disagree.
Nunn argues that, because the funds he received were to be paid to medical providers and not to the client, the client suffered no harm other than the receipt of standard medical bills. However, in light of the fact that it was four years between Nunn’s receipt of the funds and Nunn’s making complete restitution to the client’s creditors, and the fact that the low-income client was incapable of paying the creditors herself, we cannot say that the referee erred in considering the harm to the client as an aggravating factor. Nunn himself testified that the client suffered mental anguish from his misappropriation of the funds. In any event Nunn stole funds belonging to another.
Nunn also asserts that the referee improperly relied upon the lack of restitution as an aggravating factor because the full amount has now been paid. However, Nunn made the first partial payment in November 1988, only after the client’s new attorney threatened to contact the bar. Further, Nunn did not make full restitution until after the date of the disciplinary hearing, almost four years after the misappropriation and two years after Nunn became drug free. The timing of the restitution in this case indicates Nunn made full restitution with these proceedings, rather than the well being of his client, in mind. Thus, we cannot say that the referee erred in considering the failure to make restitution by the date of the disciplinary hearing as an aggravating factor.
With respect to Nunn’s assertion that disbarment is improper in light of the mitigating factors in this case, we also disagree. As this Court has previously stated, a finding by a referee that an attorney has misused or misappropriated client funds creates a presumption that disbarment is the appropriate penalty. The Fla. Bar v. Schiller, 537 So.2d 992 (Fla.1989). However, we have recognized that this presumption can be rebutted by various mitigating factors. Id.
In the instant case, the referee considered evidence that Nunn has made considerable progress in overcoming his addiction and has shown remorse for his actions. The referee also considered the substantial testimony in the record as to Nunn’s good *1055 character and reputation. Although the referee appropriately considered these factors, he reached the conclusion that the aggravating factors in Nunn’s case outweighed the very significant mitigating factors. The referee focused particularly upon Nunn’s prior history of disciplinary offenses,[2] the especial hardship to his low-income client, his failure to make restitution, his bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the bar’s investigation,[3] and the finding that there was some evidence that Nunn had made misleading statements to the referee.[4]
While Nunn’s rehabilitation from his substance abuse problem is commendable and it is our policy to encourage attorneys with addiction problems to seek treatment, we also expect attorneys to cooperate with the bar and to cease their improper behavior once their addiction ends. An attorney’s rehabilitation should be complete. The failure to correct behavior which poses a potential threat to the public substantially lessens the impact of mitigating factors. In light of the above aggravating factors and our careful examination of the record and the referee’s report, we do not find that the referee abused his discretion in finding that the presumption of disbarment was not successfully rebutted in this case.
Accordingly, Nunn is disbarred from the practice of law in the State of Florida. However, in light of the significant mitigation in this case, we accept the referee’s recommendation that Nunn’s disbarment be retroactive to the date of his December 15, 1988 suspension. Judgment is entered against Nunn for costs in the amount of $2,512.22, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

. The referee recommended that the disbarment run concurrent with the suspension because the conduct in issue occurred prior to the December 1988 suspension.

. The Fla. Bar v. Nunn, 539 So.2d 476 (Fla.1988) (18-month suspension); The Fla. Bar v. Nunn, 535 So.2d 265 (Fla.1988) (public reprimand and probation).

. As late as March 1991, Nunn had failed to comply with a court order directing him to answer the bar’s interrogatories. On April 17, 1991 Nunn appeared before the referee in what was to be the final hearing in the case and asked for a continuance. The referee granted the continuance and asked Nunn to answer the interrogatories within 15 days. Nunn failed to do so and was subsequently found in contempt of court. It is important to note that this failure to cooperate with the bar’s investigation occurred over one year after Nunn ceased to abuse drugs.

. At the April 1991 hearing, Nunn asserted that he had not misappropriated the funds and that he had the records to prove it. However, at the July 1991 hearing, Nunn admitted he had misappropriated the funds and that he had not yet made restitution. Nunn attempts to explain this discrepancy by claiming that he had not checked his records prior to the April hearing and that at that time he was under the belief that he had paid his client’s medical providers. However, even if we were to believe this assertion, the hearing was held nearly two years after Nunn had become drug free and long after the bar had begun its investigation and requested the records. Thus, Nunn’s failure to obtain the records prior to the hearing demonstrates a clear disregard for both his client's well being and the Rules Regulating The Florida Bar. Nunn also represented to the referee that the bar had all of his records and knew about the irregularities, but Nunn had yet to cooperate with the bar and provide the needed records. He also implied that the instant case was the first time he had been investigated for misappropriation or conversion of client funds, even though he had previously been prosecuted for using client funds.