599 So.2d 650 (1992)
THE FLORIDA BAR, Complainant,
v.
David L. WARD, Respondent.
No. 76782.
Supreme Court of Florida.
May 14, 1992.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
*651 Richard T. Earle, Jr., Earle and Earle, St. Petersburg, for respondent.
PER CURIAM.
The respondent, David Ward, a member of The Florida Bar, petitions for review of a referee's report recommending he be disbarred.[1] Although respondent's conduct should be severely sanctioned, we agree with respondent that disbarment is not warranted in this case.
Between March 15, 1989 and August 4, 1989, respondent used expense account draws to make unauthorized withdrawals of funds in excess of $12,000 from his law firm's operating account to repay debts and to purchase furniture for his home. After being confronted, respondent made full restitution for the unauthorized advances and was terminated from employment.
The referee recommended that respondent be found guilty of violating Rule Regulating The Florida Bar 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) based on the following:
The aggravating factors in this case are that the respondent violated a trust placed in him by one of the most, if not the most, prestigious law firms in Lee County.[[2]] The respondent seized on an opportunity to defraud his associates with no contingent plan for undoing the harm. Further, upon being questions [sic] about one of the several transactions, the respondent initially denied his misconduct. At a later time on the same day, he made a complete admission. The respondent's conduct cannot be justified from the standpoint of necessity. His testimony that the thefts were committed in order to cover personal, unessential obligations is outrageous.
In mitigation, the referee found (1) absence of prior discipline; (2) a good faith effort at restitution; (3) cooperation with the Bar; (4) outstanding reputation in the community; (5) excellent professional adjustment; and (6) remorse. After weighing the evidence, the referee originally recommended that Ward "be disbarred from the practice of law in Florida for one (1) year." Both parties moved for rehearing because, according to Rule Regulating The Florida Bar 3-5.1(f), the minimum period of disbarment is five years. In his Amended Report, the referee altered his original recommendation by deleting the words "for one (1) year." Thus, the referee now recommends that respondent be disbarred from the practice of law in Florida.
At the outset we note that respondent is not charged with misappropriating client funds. We have stated on numerous occasions that misuse of client funds is one of the most serious offenses that a lawyer can commit and that we will not be reluctant to disbar an attorney for this type of offense under appropriate circumstances. See The Fla. Bar v. Schiller, 537 So.2d 992, 993 (Fla. 1989); The Fla. Bar v. Newman, 513 So.2d 656, 658 (Fla. 1987); The Fla. Bar v. Pincket, 398 So.2d 802, 803 (Fla. 1981); The Fla. Bar v. Breed, 378 So.2d 783, 785 (Fla. 1979).
However, while it has been stated that there is a presumption that disbarment is the appropriate punishment for lawyers who intentionally steal client funds, Schiller, 537 So.2d at 993, this Court has not applied that presumption in cases where lawyers have stolen money outside a client context. See, e.g., The Fla. Bar v. Childers, 582 So.2d 617, 618 (Fla. 1991) (90-day suspension for attorney who deposited a check which belonged to law firm in her personal savings account); The Fla. Bar v. Farver, 506 So.2d 1031, 1032 (Fla. 1987) (one-year suspension for attorney who intentionally deprived law firm of fees paid to him by the firm's clients); The Fla. Bar v. Stalnaker, 485 So.2d 815, 816-17 (Fla. 1986) (90-day suspension for attorney who diverted legal fees which belonged to his law firm to his personal account); The Fla. Bar v. Gillin, 484 So.2d 1218, 1219 (Fla. 1986) (six-month suspension for attorney who had his client pay certain fees directly *652 to him rather than the firm in which attorney was partner).
The basis for this distinction is the unique fiduciary duty which lawyers, individually and as a profession, owe to their clients. As this Court stated in The Florida Bar v. Dancu:
The single most important concern of this Court in defining and regulating the practice of law is the protection of the public from incompetent, unethical, and irresponsible representation. The very nature of the practice of law requires that clients place their lives, their money, and their causes in the hands of their lawyers with a degree of blind trust that is paralleled in very few other economic relationships. Our primary purpose in the disciplinary process is to assure that the public can repose this trust with confidence. The direct violation of this trust by stealing client's money, compounded by lying about it, mandates a punishment commensurate with such abuse.
490 So.2d 40, 41-42 (Fla. 1986) (citation omitted) (emphasis added). These views were echoed in a recent law review note citing Dancu:
Trust is the foundation of the attorney-client relationship. When an individual relies on an attorney for legal assistance, that person places his trust not only in the individual attorney, but also in the legal profession itself... .
Never is an individual's trust in attorneys more evident, or more at risk, than when he places funds or property into the hands of his attorney... .
... .
The responsibility of preserving client property rests in the hands of both individual attorneys and the legal profession itself. An attorney who mishandles client funds will be the first to lose that client's trust. However, the response of the legal profession to any misconduct will also be scrutinized closely by the public. Thus, a combined effort of individual attorneys and the bar is necessary to prevent the misuse of client property and thereby maintain the public's trust in the legal profession.
Philip F. Downey, Comment, Attorneys' Trust Accounts: The Bar's Role in the Preservation of Client Property, 49 Ohio St. L.J. 275, 275, 280 (1988) (footnotes omitted).
Theft under any circumstances obviously warrants discipline. However, when a lawyer steals from someone other than a client, this special "public trust" is not violated to the same extent as if the lawyer had stolen money from his or her client.
This distinction is reflected in the Rules Regulating The Florida Bar. Theft from a third person would violate rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). Theft from one's partner may violate rule 4-8.4(b) and also may violate rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud deceit or misrepresentation) as in this case. A lawyer who steals from a client, however, in addition to possibly violating the above rules, would be guilty of violating rule 4-1.15(a) (a lawyer shall safekeep client property and funds with the care required of a professional fiduciary) and rule 5-1.1 ("Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose.").
Thus, our disciplinary rules and the decisions interpreting them create a hierarchy of culpability, similar to the one found in our criminal justice system, which weighs the severity of a lawyer's misconduct in terms of the impact on the lawyer's individual capacity to practice law competently and ethically, and also the impact of the lawyer's misconduct on the professional reputation of the bar as an entity which must preserve the public trust. See Florida's Standards for Imposing Lawyer Sanctions § 3.0(a) (Fla. Bar Bd. Governors 1986) ("In imposing a sanction after a finding of lawyer misconduct, a court should consider ... the duty violated."). Consequently, the appropriate sanction in a given *653 case must take into account whether the duty violated was owed specifically to a client, a judge, another member of the profession, or a member of the public, singly or in combination. In addition, we have recognized that in each particular case the appropriate level of discipline must be weighed in light of the aggravating and mitigating evidence presented. See, e.g., The Fla. Bar v. Farbstein, 570 So.2d 933, 936 (Fla. 1990); Schiller, 537 So.2d at 993.
In this case, by the time of the final hearing, respondent had made full restitution to his former law firm, had acknowledged his error on the same day he was confronted, and had cooperated fully in these proceedings. Respondent has not had any prior disciplinary action and several witnesses testified to his outstanding reputation in the community and his excellent professional adjustment. It thus appears that the offense at issue was an aberration that was completely out of character. On the other hand, this was not one incident but several. Therefore, respondent must receive a severe sanction, but we do not believe disbarment is appropriate.
Accordingly, we approve the referee's findings of guilt, but on the facts of this case impose, in essence, the referee's original sanction attempting to preclude respondent from practicing law for one year. We suspend respondent from the practice of law for one year, effective June 15, 1992, thus allowing thirty days to protect the interests of clients. Respondent shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $1,088.30 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., recused.
NOTES
[1] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
[2] We note that the status of the victim is not properly considered an aggravating factor.