PER CURIAM.
This matter is before the Court on petition for review of a referee’s report in a Florida Bar disciplinary proceeding. The referee recommends that Terrance Patrick McNamara be suspended from the practice of law for thirty-six months. The Florida Bar (Bar) has petitioned seeking disbarment. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint against McNamara, a member of the Florida Bar, alleging that he misappropriated $5,000 of a client’s funds. The Bar’s complaint alleged that in doing so, McNamara violated the following Rules Regulating the Florida Bar: Rule 3-4.3 (commission of an act which is unlawful or contrary to honesty and justice); Rule 3-4.4 (commission of a felony or misdemeanor); Rule 4-1.15(a) (property and funds of clients should be held in trust separate from lawyer’s property and funds); Rule 4-1.15(b) (a lawyer shall notify the client and deliver funds or property in which client has an interest); Rule 4-1.15(e) (property shall be treated as trust property if both the lawyer and another person claim an interest in it); Rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 5-1.1 (money or property entrusted to an attorney for a specific purpose should be held in trust and must be applied only for that purpose).
At the disciplinary proceeding brought by the Bar, McNamara did not contest the charges. The referee found McNamara guilty of the violations alleged in the complaint and recommended his suspension for thirty-six months, retroactive to January 1992, the date he voluntarily ceased practicing law. The Bar now brings this petition arguing that disbarment is the appropriate sanction in this case.
The Bar’s allegations arose from McNamara’s representation of U.S. Yacht Cushion, Inc. during which time Hunter Marine Corp. entered into negotiations to purchase the assets of U.S. Yacht. In connection with the negotiations, Hunter Marine delivered a $5,000 check to McNamara. The cheek was accompanied by a letter stating that the money was a deposit to be held in escrow, or in the alternative, used to lessen U.S. Yacht’s tax obligation. McNamara informed Hunter Marine’s attorney that he intended to cash the check for the purpose of offering the funds to the Internal Revenue Service. However, instead of placing the $5,000 in the trust account, McNamara converted the money to his personal or office use. The Bar petitioned this Court for an emergency suspension after which time McNamara made restitution to his client. We denied the petition. The Bar then filed its complaint. At the hearing, McNamara testified that he did not intend to permanently deprive his client of the money, but he admitted that he knowingly converted the funds for operating expenses.
Standard 4.11, Florida Standards for Imposing Lawyer Sanctions, provides that, absent aggravating or mitigating circumstances, disbarment is the appropriate sanction “when a lawyer intentionally or knowingly converts client property regardless of injury or potential injury.” Likewise, this Court has previously held that where a lawyer misuses a client’s funds, disbarment is presumed to be the appropriate sanction. See, e.g., The Fla. Bar v. Schiller, 537 So.2d 992 (Fla.1989). At the same time, we have also held that this presumption can be rebutted by mitigating evidence. Id. As we said in The Florida Bar v. McShirley, 573 So.2d 807, 808-09 (Fla.1991):
To disbar McShirley without considering the mitigating factors involved, however, would be tantamount to adopting a rule of automatic disbarment when an attorney misappropriates client funds. Such a rule would ignore the threefold purpose of attorney discipline set forth in [The Florida Bar v.] Pahules [233 So.2d 130 (Fla.1970) ], *168 fail to take into account any mitigating factors, and do little to further an attorney’s incentive to make restitution.
Although the referee did not make specific findings of mitigation in the instant case, there is evidence in the record to support the following mitigating factors: full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; and remorse. In addition, McNamara did make full restitution to the client, albeit not until the Bar had sought his suspension.
Unlike the cases cited by the Bar in support of disbarment, McNamara’s conversion of the funds was an isolated occurrence. In view of the referee’s recommendation and the mitigating evidence, we are persuaded that disbarment is unnecessary in this case. Accordingly, we suspend Terrance Patrick McNamara from the practice of law in this state for three years, effective January 31, 1992, the date that he ceased practicing law. Judgment is entered against him for costs in the amount of $1,110.36, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.