PER CURIAM.
This proceeding is before the Court on a petition to review the referee’s recommendation that Milton E. Grusmark’s petition for reinstatement to the practice of law be granted. In April 1994, Grusmark was suspended from the practice of law for three years with the discipline to apply retroactively to August 1990. See Florida Bar v. Grusmark, 637 So.2d 237 (Fla.1994). We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed below, we approve the referee’s recommendation.
In determining the propriety of a petition for reinstatement, this Court considers the following criteria: petitioner’s strict compliance with the disciplinary order; evidence of petitioner’s unimpeachable character; clear evidence of petitioner’s good repu *1236 tation for professional ability; evidence of petitioner’s lack of malice and ill feeling toward those involved in the disciplinary proceeding; petitioner’s personal assurances of a sense of repentance and a desire to conduct practice in an exemplary fashion in the future; and petitioner’s restitution of funds. Florida Bar re Timson, 301 So.2d 448, 449 (Fla.1974). This Court is not, however, constrained to an analysis of these factors alone, as we may properly consider all aspects of the petitioner’s character to determine the applicant’s present fitness to resume the practice of law. Essentially, our analysis involves two components: (1) petitioner’s good moral character, personal integrity, and general fitness for a position of trust and confidence; and (2) petitioner’s professional competency and ability. Florida Bar re Inglis, 471 So.2d 38, 39 (Fla.1985).
During the hearing, testimony was presented from Grusmark and other character witnesses addressing these factors. Based upon the evidence presented, the referee concluded that Grusmark’s disordered financial situation would be the only reason to deny Grusmark’s petition for reinstatement. At the time of the hearing, in addition to owing numerous creditors in excess of $268,000, Grusmark owed The Florida Bar $1,410 in dues, late fees, and reinstatement fees, and the Client Security Fund $3,900. Moreover, the referee found that many of Grusmark’s previous disciplinary actions were directly connected to his financial difficulties.[1] While the referee found that most of Grusmark’s debt resulted from his previous lavish lifestyle, Grusmark had, prior to the hearing, taken steps to improve his financial problems by living within his means and indicated at the hearing his intent to file promptly for personal bankruptcy.
The referee recommended reinstatement with two conditions precedent: (1) Grusmark satisfy all outstanding Bar dues; and (2) Grusmark satisfy all outstanding continuing legal education requirements. The referee further conditioned Grusmark’s reinstatement on the filing of personal bankruptcy within fifteen days of the final order and the payment of $3,900 to reimburse the Client Security Fund in monthly payments of $200. Grusmark has since complied with all of these conditions including paying the Client Security Fund in full and filing personal bankruptcy.
The Bar challenges the referee’s recommendation, claiming that the petition for reinstatement should have been denied on two bases. First, the Bar asserts that the referee erred in recommending reinstatement because Grusmark failed to make complete restitution to the Client Security Fund until after the reinstatement hearing.[2] Second, the Bar asserts that since the referee found that money is at the root of Grusmark’s problems, this petition should be denied until Grusmark has the ability to start practicing law with a clean financial slate.[3]
In a reinstatement proceeding, the party seeking review of the referee’s recommendation has the burden to demonstrate that the report is erroneous, unlawful, or unjustified. See Inglis; R.Reg.Fla.Bar 3-7.10(j). With regard to the referee’s legal conclusions and recommendations, the Court’s scope of review is wider because we have the ultimate responsibility to enter the appropriate judgment. Inglis. We find that the Bar has not carried its burden and we approve the referee’s report.
In support of its first argument, the Bar cites to Florida Bar v. Nunn, 596 So.2d 1053 (Fla.1992). The attorney in Nunn made his *1237 first partial payment only after being threatened with a disciplinary action and did not make full restitution until after the hearing. The Court stated that the timing of the restitution in Nunn indicated that the attorney was motivated by the proceedings rather than the client’s well being. This Court then found that the referee did not err in considering the failure to make restitution by the date of the disciplinary hearing as an aggravating factor in recommending disbarment for the attorney.
Similarly, Grusmark did not make full restitution until after the reinstatement hearing; however, Grusmark had begun to work out his financial problems prior to the hearing. Grusmark testified that he had become more financially responsible. Further, the referee found that Grusmark now no longer lived above his means. Given this evidence, we cannot say that the referee’s recommendation of reinstatement, even though Grusmark had not made full restitution prior to the hearing, was erroneous or unjustified.
As to the Bar’s second argument, we likewise approve the referee’s findings. In addition to his more modest lifestyle, by filing for personal bankruptcy Grusmark has significantly lessened his financial burdens. We find that in light of the evidence presented about the steps Grusmark has taken to organize his affairs, the Bar has failed to carry its burden. Accordingly, we approve the referee’s report recommending that Milton Grus-mark be reinstated to active membership in The Florida Bar.
Judgment for costs in the amount of $1,065.45 is hereby entered against Milton Grusmark, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. For example, the referee found that some of the same people who sued Grusmark for monies owed have also been complainants to the Bar, and several of the past grievances filed against Grusmark were the result of excessive fees.

. In its initial brief, the Bar challenged the referee's creation of a payment plan to reimburse the Client Security Fund. However, since Grusmark has fully repaid his debt to the Client Security Fund, this point is now moot.

.Even though Grusmark filed for bankruptcy protection, Grusmark still owes the Internal Revenue Service $28,000. He is currently repaying this debt in monthly installments pursuant to a written agreement with the Internal Revenue Service. The Bar did not object to this payment plan.