PER CURIAM.
This proceeding is before the Court on a petition to review the referee’s findings of fact and recommendation that Joe Rawls Wolfe’s petition for reinstatement to the practice of law be denied. In 1995, Wolfe was suspended from the practice of law for three years. See Florida Bar v. Wolfe, 664 So.2d 250 (Fla.1995). We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed herein, we reject the referee’s factual findings and recommendation and order that Wolfe be reinstated as an active member of The Florida Bar.
In October 1995, Wolfe and counsel for the Bar signed a conditional guilty plea for consent judgment. On November 16, 1995, this Court accepted the plea in an order in which this Court suspended Wolfe from the practice of law for three years to be followed by three years of probation.
In the plea, Wolfe stipulated to the following facts. Wolfe was trustee of the Baumgardner Trust, which a deceased client, Richard B. Baumgardner, Sr., had created for his children. Wolfe took funds from the Baumgardner Trust and used them without the consent of trust beneficiaries to purchase mortgage receivables from a real estate development company in which Wolfe owned a seventy-nine percent interest. Wolfe later, without notification to or consent from the trust beneficiaries, loaned part of the trust’s funds to an apparel company in which he owned a fifty-percent interest. Wolfe also loaned himself money from his attorney trust/escrow account. Wolfe admitted to violating the following Rules Regulating the Florida Bar: rule 4-1.15(a) (failure to hold in trust certain funds of his clients held in connection with his representation); rule 4-1.15(b) (failure to promptly deliver to a client or third person funds that the client or third person is entitled to receive); 4-8.4(a) (violation of or attempt to violate a disciplinary rule); rule 5-l.l(a) (failure to apply funds of his clients only for specific purposes); rule 5-l.l(e) (failure to place nominal or short-term funds of clients in an interest-bearing account); rule 5-1.2(c)(1)(b) (failure to make monthly comparisons between the total of reconciled balanced and the total of trust ledger cards); rule 5-1.2(c)(2) (failure to annually prepare a detailed listing of unexpended funds held for each client); rule 5-1.2(e)(4) (failure to authorize and request banks on his trust accounts to notify staff counsel of *1176 The Florida Bar in the event any trust account is returned due to insufficient funds or uncollected funds).
In the Plea, Wolfe and the Bar agreed to the following discipline:
Respondent shall be suspended from the practice of law for a period of three (3) years. However, if Respondent makes payment of $300,000.00, or obtains a full release of liability from the beneficiaries of the Baumgardner Trust, within thirty (30) months (2$ years) from the date of the suspension, Respondent shall be eligible to petition for reinstatement after the expiration of the 30 month (2]é year) period provided that all other requirements for the petition for reinstatement have been satisfied, including, but not limited to, payment of the costs of this proceeding.
The $300,000 payment amount is a repayment of sums owed by Respondent to the Trust, but shall not be construed as full payment of the amount due to the beneficiaries. The actual and ultimate amount of the indebtedness due the beneficiaries shall be determined by other proceedings.
The plea provided that, upon reinstatement, Wolfe is to be placed on probation for three years with conditions that during the probationary period, he undergo full review by the Law Office Management and Advisory Service (LOMAS) of the Bar and comply at his own expense with LOMAS recommendations. Other conditions of probation are that Wolfe shall advise the Bar upon the opening of any trust account, shall submit quarterly reports in affidavit form to the Bar detailing financial transactions and record keeping, and shall certify that he has complied with all trust accounting records and procedures as required by the Rules Regulating the Florida Bar. Wolfe is also to be subject to random trust account audits during the term of the probation and must complete a trust accounting course.
The record reflects that prior to the filing of the plea, a civil action was filed against Wolfe on behalf of the Baumgard-ner Trust. This action resulted in a jury verdict in favor of the Trust of $1.5 million compensatory damages and $3 million punitive damages. A settlement of $850,000 was paid in July 1998, and Wolfe received a release from further civil liability.
Wolfe filed his motion for reinstatement on December 22, 1998. The reinstatement referee held a hearing at which Wolfe testified along with his character witnesses and creditors. The Bar presented testimony of the attorney representing the beneficiaries of the Baumgardner Trust. Three of the beneficiaries testified. In a report dated September 16, 1999, the referee found that Wolfe was not fit to resume the practice of law in that he failed to present evidence of an unimpeachable character. The referee made the following findings of fact, in relevant part, as to Wolfe’s fitness as to reinstatement:
A. The Petitioner has met the conditions imposed during the period of suspension and the procedural requirements of Rule 3-7.10. The only question for this referee to determine is the Petitioner’s present fitness to resume the practice of law and whether the Petitioner has presented evidence of an unimpeachable character.
[[Image here]]
D. There is clear evidence of Petitioner’s good reputation for professional ability and of Petitioner’s lack of malice and ill feeling toward those involved in the disciplinary proceeding. The Petitioner has made the appropriate assurances as to his sense of repentance and his desire to conduct his law practice in an exemplary fashion in the future.
E. ... The Petitioner’s claims regarding his efforts tó fully reimburse the trust beneficiaries prior to the case going to trial were not supported by the evidence.
*1177 [[Image here]]
G. Petitioner practiced law for twenty-seven years without a grievance or disciplinary proceeding and has never been convicted of a crime.
H. The Petitioner is not presently fit to resume the practice of law in that he has failed to present evidence of an unimpeachable character. Although Petitioner has testified as to his remorse, he has not engaged in any community work service or permissible pro bono work (such as volunteering at the United Way agency’s Consumer Credit Counseling service). Although his remorse seems sincere, he has not taken any action to restore the public’s confidence in him as a trustworthy individual or to recompense the bar for the damage he has done to the reputation of the legal profession as p, whole. His actions, or lack of action, have demonstrated that he has failed to grasp the moral implications of his transgression; and therefore, prevents a finding that he has presented evidence of unimpeachable moral character.
The referee concluded, “I recommend that the Petitioner not be reinstated at this time.”
Wolfe challenges the referee’s factual findings and recommendation, claiming that the referee’s finding that Wolfe has failed to present evidence of an unimpeachable character is not supported by the record and is contradicted by the referee’s own findings. Wolfe argues that his efforts to restructure his finances and to reimburse the Baumgardner Trust during his suspension show that he does have unimpeachable character. Wolfe notes that the referee expressly stated that Wolfe has met the conditions imposed during suspension and the procedural requirements of rule 3-7.10 and has shown “clear evidence of Petitioner’s good reputation for professional ability” as well as his “lack of malice and ill feeling toward those involved in the disciplinary proceeding.” Wolfe also notes that the referee found that Wolfe “has made the appropriate assurances as to his sense of repentance and his desire to conduct his law practice in an exemplary fashion in the future.” Wolfe also states that he has paid $850,000 in restitution; he disputes the referee’s finding that his “claims regarding his efforts to fully reimburse the trust beneficiaries pri- or to the case going to trial were not supported by the evidence.” Finally, Wolfe notes that the plea agreement between himself and the Bar contained no condition precedent of community service or pro bono work in order for Wolfe to be readmitted. Accordingly, Wolfe argues that the reinstatement referee does not have the power to change this Court’s order as to Wolfe or the case law by a post facto condition. We agree.
In determining the propriety of a petition for reinstatement, this ' Court considers the following criteria: petitioner’s strict compliance with the disciplinary order; evidence of petitioner’s unimpeachable character; clear evidence of petitioner’s good reputation for professional ability; evidence of petitioner’s lack of malice and ill feeling toward those involved in the disciplinary proceeding; petitioner’s personal assurances of a sense of repentance and a desire to conduct practice in an exemplary fashion in the future; and petitioner’s restitution of funds. See Florida Bar re Grusmark, 662 So.2d 1235, 1235-36 (Fla.1995); In re Florida Bar, 301 So.2d 448, 449 (Fla.1974).
The Bar argues in this appeal that Wolfe has not met his burden of showing that the reinstatement referee’s report was erroneous, unlawful, or unjustified. See Grusmark, 662 So.2d at 1236. The Bar contends that Wolfe has not made full restitution, does not show remorse, and has not proven his rehabilitation. We reject these arguments for the following reasons.
*1178 As to restitution, the Bar finds this case similar to Florida Bar re Hessler, 493 So.2d 1029 (Fla.1986), in which this Court decided an attorney would not be reinstated absent full restitution of funds he had misappropriated from an estate. The Bar argues that the payment to the Baumgard-ner Trust after the settlement was less than actual losses to the beneficiaries and less than the jury award, and the fact that Wolfe obtained a release from liability does not mean that he made full restitution.
To determine whether Wolfe should be reinstated, we may review the factual basis for the referee’s recommendation by conducting an independent review of the record. See Florida Board of Bar Examiners re R.D.I. 581 So.2d 27, 29 (Fla.1991). Here, the record reflects that the attorney representing the Bar stated in the reinstatement proceeding below that the Bar did not dispute that restitution was paid. (Transcript at 245.) Moreover, even though the referee in her findings of fact criticized Wolfe’s financial activities during the suspension period, the referee made no express finding that full restitution was not paid to the trust beneficiaries. Rather, the referee wrote that the only issue for her determination was Wolfe’s “present fitness to resume the practice of law and whether Petitioner has presented evidence of unimpeachable character.” The plea agreement provided that Wolfe would be eligible to petition for reinstatement two and a half years from the date of his suspension if he made a payment of $300,000 or obtained a full release of liability from the beneficiaries of the Baum-gardner Trust and satisfied other requirements for the petition for reinstatement. The record reflects that Wolfe, who was in bankruptcy reorganization at the time, paid an $850,000 settlement to the Baum-gardner Trust in July 1998 and that the Baumgardner Trust beneficiaries then released him from further liability. Thus, we find that Wolfe has made the required restitution.
As to Wolfe’s showing of remorse, the referee stated that Wolfe “has made the appropriate assurances as to his‘sense of repentance” and that his “remorse “seems sincere.” However, the referee also found that, “although Petitioner has testified as to his remorse,” Wolfe had failed to present evidence of unimpeachable moral character and thus was not sufficiently rehabilitated to be reinstated. The referee based this finding solely upon Wolfe’s failure to perform pro bono or community service activities during his period of suspension.
In urging us to affirm this factual finding of the referee, the Bar cites Florida Board of Bar Examiners re J.C.B., 655 So.2d 79 (Fla.1995), in which this Court denied readmission for a lawyer who had been disciplined for improperly using funds belonging to his client. We find J.C.B. to be distinguished from this case. First, the respondent in J.C.B. was disbarred rather than suspended and faced criminal charges. Id. at 80. In J.C.B., this Court stated that the respondent had not shown sufficient rehabilitation and that “the requirement of positive action is appropriate for applicants for admission to the bar because service to one’s community is an implied obligation of members of the bar.” Id. at 82 (quoting Florida Bar Admission Rules, Art. III, § 4.e.(7)). However, in J.C.B., our denial of readmission also was based upon J.C.B.’s failure to show repentance and failure to pay longstanding debts.
Here, the referee and the Bar cite no cases in which a failure to perform community service was the sole reason for denying reinstatement after a suspension. The referee’s report cites no rule requiring community service or pro bono activity as an absolute precondition to reinstatement following suspension. Although we believe in most instances that community service or pro bono activity should be a prerequisite to reinstatement, the plea agreement here, which was signed by counsel for the Bar, contains no express *1179 requirement that Wolfe perform community service or permissible pro bono activities during his period of suspension. Therefore, we find, pursuant to Grusmark, that the referee’s factual finding as to Wolfe’s rehabilitation was unjustified. Moreover, although we find that Wolfe’s ethical violations were serious transgressions, we will not reconsider the discipline the Bar required in the 1995 plea agreement. We also note that Wolfe has now been suspended from law practice for more than a year beyond the three-year suspension that the Court imposed. Accordingly, we reject the referee’s recommendation that we deny Wolfe reinstatement to the practice of law.
We hereby reinstate Wolfe to active membership in The Florida Bar effective immediately. Wolfe shall be on probation for three years under the conditions of probation specified in his plea agreement. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Joe Rawls Wolfe in the amount of $3,066.38, for which sum let execution issue. See Florida Bar v. Williams, 734 So.2d 417, n. 4 (Fla.1999).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ„ concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, J., concurs.