GROSS, J.,
concurring in part and dissenting in part.
I concur in the affirmance of the dismissal against the Pirrotti law firm. However, I dissent in the reversal of the case against Barbara Seuling because the record fails to disclose that the law firm performed sufficient services in Florida to satisfy the minimum contacts requirement of personal jurisdiction.
The accident for which Seuling retained the law firm had nothing to do with Florida. The collision with a Vermont resident occurred in Vermont. Seuling is a New York resident. Her medical care occurred in New York. A member of the law firm is licensed to practice in New York. The law firm’s in-Florida work on her behalf was limited to telephone calls and correspondence. Under the circumstances presented, the law firm owed a “unique fiduciary duty” to its clients. Florida Bar v. Ward, 599 So.2d 650, 652 (Fla.1992). “The very nature of the practice of law requires that clients place their lives, their money, and their causes in the hands of their lawyers with a degree of blind trust that is paralleled in very few other economic relationships.” Florida Bar v. Dancu, 490 So.2d 40, 41 (Fla.1986). Applying these principles, Seuling should not reasonably have anticipated being haled into a Florida court to resolve a dispute with the law firm over its engagement; for her, Florida was a distant, difficult forum, advantageous only to the law firm, with no connection to the underlying facts of the case. Rather, under these circumstances, it would have been reasonable for the client to expect to litigate in her state of residence or in the forum where the underlying lawsuit might have been brought.