# Supreme Court of Florida

_____

No. SC2022-1055
_____

**THE FLORIDA BAR RE: NORWOOD SHERMAN WILNER.**

March 14, 2024

PER CURIAM.

We have for review a referee's report recommending that Norwood Sherman Wilner be reinstated to the practice of law from his 91-day suspension.[1] The Bar challenges the referee's recommendation, arguing that Wilner failed to establish rehabilitation under Rule Regulating The Florida Bar 3-7.10(f)(3) because he did not strictly comply with rule 3-6.1 as directed by this Court's disciplinary order. The Bar claims Wilner was not actively supervised as required by rule 3-6.1(f) in his post-

_____

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 3-7.10 (Reinstatement and Readmission Procedures).

suspension employment at a law firm.  We agree and deny Wilner's petition for reinstatement.[2]

## BACKGROUND

In March 2022, the Court suspended Wilner for 91 days for filing more than three thousand *Engle*-progeny claims[3] without investigating or informing himself as to the facts of each case and for knowingly misrepresenting the viability of the claims to the United States District Court for the Middle District of Florida.  *Fla. Bar v. Wilner*, No. SC2021-0373 (Fla. Mar. 3, 2022) (approving uncontested referee's report).[4]  The disciplinary order directed Wilner to fully comply with rule 3-6.1.  *Id.*

---

2.  The Bar also argues that reinstatement of Wilner is precluded because Wilner sent a misleading closeout letter to his client that downplayed the nature of the misconduct on which his suspension was based.  Because we conclude that Wilner's failure to comply with rule 3-6.1(f) requires denial of his reinstatement, we need not address the Bar's request regarding the closeout letter.

3.  *See Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1277 (Fla. 2006) (directing that a class action group of smokers and their survivors be decertified and permitting class members to file individualized claims with the Court's findings receiving res judicata effect within one year of the mandate).

4.  Wilner was found guilty of violating Rules Regulating The Florida Bar 4-1.1 (Competence), 4-1.3 (Diligence), 4-1.4 (Communication), 4-3.1 (Meritorious Claims and Contentions),

After his suspension, Wilner sold his Jacksonville-based law firm to Howard Acosta, an experienced lawyer in St. Petersburg whom Wilner has known since the early 1980s. Acosta paid $100 for the firm, and Wilner, if reinstated, can buy back the firm under the terms of the purchase agreement for $200. Aside from renaming the firm Jax Litigation Group (JLG), Acosta made no tangible changes to the firm after purchasing it. He characterized his role to the referee as being "kind of a silent owner," and he explained that the only real purpose behind the firm's change in ownership was to put his name on the letterhead, though his name does not actually appear there, nor does it appear on the firm's website or in its telephone directory. Wilner explained to the referee that Acosta's name did not appear in any of these places because his role "was not to engage in case litigation in Jacksonville."

Wilner remained employed with the firm after its sale to Acosta. He had no specific job title at the firm, and he came into the office only a few times a week for a couple hours to discuss

---

4-3.3 (Candor Toward the Tribunal), and 4-8.4(c) ("A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . .").

general strategy—not specific cases—with the firm's lawyers, all of whom Wilner supervised before his suspension. Acosta was the lawyer responsible for supervising Wilner's work at JLG, and Acosta was the only lawyer at the firm eligible to supervise Wilner.[5] His supervisory role at the firm, however, was limited to speaking with Wilner and the firm's office manager on the phone every week or two. Acosta explained to the referee that in his practice it is rare for clients to come to the office, and "I think it's the same with his firm, or my firm now." Wilner testified that he did not do much work for the firm, leaving little for Acosta to supervise. In describing his conversations with Acosta, Wilner stated:

> Well, he knows me for many years, and he knows, you know, what I contribute and understands, as we've talked since the last spring, since the beginning of this, my role is to advise and consult. And so he understands that. And we talk about that same group of subjects.

After his suspension ended, Wilner filed a petition for reinstatement with the Court. The petition was referred to a referee, who held a hearing and submitted a very brief report

---

5. A suspended or disbarred lawyer is prohibited under rule 3-6.1(b) from being employed or supervised by a lawyer whom the suspended or disbarred lawyer employed or supervised before the date of the suspension or disbarment order.

recommending that Wilner be reinstated to the practice of law.[6]

She found that: "Although [Wilner's] compliance with the disciplinary order was not perfect, I believe it is sufficient to recommend reinstatement."

The Bar seeks review of the referee's recommendation.

## ANALYSIS

"In a reinstatement proceeding, the party seeking review of the referee's recommendation has the burden to demonstrate that the report is erroneous, unlawful, or unjustified." *Fla. Bar re Dunagan*, 775 So. 2d 959, 961 (Fla. 2000) (quoting *Fla. Bar re Grusmark*, 662 So. 2d 1235, 1236 (Fla. 1995)). A referee's findings of fact will "be upheld unless clearly erroneous or without support in the record." *Id.* "With regard to the referee's legal conclusions and recommendations, the Court's scope of review is wider because we

---

6. The referee's report contains no factual findings about Wilner's post-suspension conduct. *See* R. Regulating Fla. Bar 3-7.10(h) ("[T]he referee will make and file . . . a report that includes the findings of fact and a recommendation . . . ."). However, in his answer brief, Wilner, with some minor exceptions, "accept[ed] the Bar's statement of the case and facts," which details Wilner's post-suspension conduct.

have the ultimate responsibility to enter the appropriate judgment."
*Id.* (quoting *Grusmark*, 662 So. 2d at 1236).

As part of his petition for reinstatement, Wilner was required to produce clear and convincing evidence of his rehabilitation. R. Regulating Fla. Bar 3-7.10(f)(3). In order to make such a showing, he was, at a minimum, required to satisfy each applicable element of rehabilitation listed in rule 3-7.10(f)(3). One of the listed elements is "strict compliance with the specific conditions of any disciplinary . . . or other order." R. Regulating Fla. Bar 3-7.10(f)(3)(A).

The Bar argues that Wilner failed to establish rehabilitation because he did not strictly comply with the disciplinary order's directive to fully comply with rule 3-6.1. Rule 3-6.1 authorizes legal service providers to employ suspended or disbarred lawyers and places certain restrictions on their employment, such as having no client contact and not handling client funds or property. *See* R. Regulating Fla. Bar 3-6.1(d). One of the restrictions is that a disbarred or suspended lawyer

> must be supervised by a member of The Florida Bar in
> good standing and eligible to practice law in Florida who
> is employed full-time by the entity that employs the

> individual subject to this rule and is actively engaged in the supervision of the individual subject to this rule in all aspects of the individual's employment.

R. Regulating Fla. Bar 3-6.1(f). A suspended or disbarred lawyer and an employing legal services provider are both responsible for ensuring compliance with the rule. *See id.*

The Bar claims that Wilner was not supervised in accordance with rule 3-6.1(f) while employed at JLG. It contends that his occasional telephone conversations with Acosta are far from the active supervision that is required by rule 3-6.1(f). Wilner, however, maintains that his occasional telephone conversations with Acosta satisfy rule 3-6.1(f), as they were commensurate with how little work he actually did for JLG.

It is clear from our review of the record that, regardless of the amount of work he either did or did not do for JLG, Wilner was not actively supervised in all aspects of his employment with the firm. His supervisor, Acosta, lived across the state in St. Petersburg and was not actively involved in any of JLG's cases or Wilner's work at the firm. He did not oversee any of Wilner's so-called strategy talks with the firm's other lawyers, and the only oversight he exercised over Wilner was through unstructured telephone conversations

every week or two. Acosta simply had no meaningful way to consistently ensure that Wilner fully complied with the restrictions on his employment in rule 3-6.1 other than Wilner's own personal assurances. This is exactly the type of scenario rule 3-6.1(f) is intended to guard against, as those subject to its restrictions have in many instances already demonstrated an unwillingness to abide by the profession's rules and ethical standards. *See* R. Regulating Fla. Bar 3-6.1(a) (identifying persons subject to the rule).

Accordingly, we find that Wilner failed to demonstrate strict compliance with our disciplinary order, and that as a result, he has failed to establish rehabilitation under rule 3-7.10(f)(3). The Bar has satisfied its burden in this case, and we find that the referee's recommendation to reinstate Wilner to the practice of law is unjustified.

## CONCLUSION

The referee's recommendation is disapproved, and Norwood Sherman Wilner's petition for reinstatement is denied.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from

Norwood Sherman Wilner, in the amount of $2,281.46, for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

Richard A. Greenberg of Rumberger, Kirk & Caldwell, P.A., Tallahassee, Florida,

for Petitioner

Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, Tallahassee, Florida, Shaneé L. Hinson, Bar Counsel, The Florida Bar, Tallahassee, Florida, and Mark Lugo Mason, Bar Counsel, The Florida Bar, Tallahassee, Florida,

for Respondent