PER CURIAM.
This is a petition to review the referee’s denial of a petition for reinstatement to membership in The Florida Bar. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution and approve the findings and recommendation of the referee.
In the proceedings below the referee found that the petitioner, J. Charles Shores, Jr.,
was suspended from the practice of law by Order of the Supreme Court of Florida dated August 28, 1987 for his failure to comply with the Court’s December 1986 opinion as well as the Petitioner’s February 17, 1986 Consent Judgment. This Consent required him, among other things, to refrain from the use of alcohol *1314 and to comply with the contract entered into between himself and FLA, Inc.
... Petitioner entered into a new alcohol rehabilitation contract with FLA, Inc. on March 13, 1989, which terminates on March 13, 1992. The Petitioner is in compliance with the FLA, Inc. rehabilitation contract and is a recovering alcoholic.
On December 13, 1988, more than one year after his suspension by the Supreme Court of Florida, the Petitioner sent a hand written letter and notice of appearance to County Court Judge Perry A. Little ... requesting the continuance of a civil matter involving the Petitioner’s brother. The Petitioner’s notice of appearance failed to advise Judge Perry of his suspension.
The Internal Revenue Service filed a $44,000.00 claim against the Petitioner which is still outstanding. The Internal Revenue Service also has an additional claim against the Petitioner for a sum of approximately $78,000.00, which remains outstanding and unresolved. The Petitioner has not filed an income tax return with the IRS since 1982 except that the Petitioner filed an extension to file a 1989 return with the IRS after filing his petition for reinstatement with the Supreme Court of Florida.
The Petitioner is delinquent in back child support payments to his dependent child, although the former spouse has not initiated any legal proceeding to enforce same.
The Petitioner failed to advise the University of South Florida in his graduate school application that he was suspended from the practice of law and merely stated that he was admitted to practice in the courts of Florida and Federal courts.
Prior to his involvement with alcohol, the Petitioner had a good professional reputation.
The referee recommended that Shores’ petition for reinstatement be denied without prejudice. The referee also recommended that if Shores resolves his Internal Revenue Service obligations, his petition should be reconsidered when permitted by the Rules Regulating The Florida Bar.
Shores claims that the referee erred in denying his petition for reinstatement and petitions this Court for review. We agree with the referee that Shores’ conduct during his suspension clearly supports the denial of the petition. We agree that Shores has failed in his burden to demonstrate his fitness to resume the practice of law. See In re Jahn, 559 So.2d 1089 (Fla.1990); In re Timson, 301 So.2d 448 (Fla.1974); In re Dawson, 131 So.2d 472 (Fla.1961).
Accordingly, the petition for reinstatement is denied. Judgment for costs in the amount of $4,634.14 is hereby entered against J. Charles Shores, Jr., for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, GRIMES and HARDING, JJ., concur.
BARKETT and KOGAN, JJ., concur in result only.