PER CURIAM.
This disciplinary proceeding against Deitra Micks is before the Court upon the complaint of the Florida Bar and the report of the referee. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We approve the referee’s report and suspend the respondent for a period of eighteen months.

Case No. 80,236:

The referee found that the respondent contacted Ms. Lillian V. Bush concerning the foreclosure action against her property at 5242 Locksley Avenue, Jacksonville, Florida (hereafter referred to as the Locksley property). In March 1985, Bush informed the respondent that the Locksley property had judgments against it and that she had defaulted on the two mortgages on her home. The respondent told Bush that she would represent her in the foreclosure action against the property and that she would obtain funds from a private source to satisfy the bank and halt the foreclosure. When the respondent was unable to obtain the funds from a private source, she told Bush that she would obtain a loan from a lending institution. The respondent also advised Bush that her attorney’s fee for the foreclosure work would be a flat rate of four thousand dollars.
The respondent prepared a warranty deed to be signed by Mr. Shyon A. Bush, Bush’s son, who held title to the Locksley property. Respondent contacted a Barnett Bank representative to see whether the bank would be willing to loan Bush the money to refinance the property. When the bank indicated that it would not offer a refinancing plan, the respondent induced Bush to convey ownership of the Locksley property to her. In doing so, the respondent advised Bush that the conveyance would enable the respondent to obtain a loan that would be used to pay the debts of the mortgages and judgments against the Locksley property.
In March 1985, the respondent received thirteen thousand dollars from family members which she used to pay a portion of Bush’s debts. On April 30, 1985, the respondent induced Bush to sign a purchase and sale agreement and an agreement for deed conveying the Locksley property to the respondent for a sale price of 139,00o.[1] The purchase and sale agreement was recorded in the Duval County Court. However, the agreement for deed that originally conveyed the property to Bush was not recorded and the respondent never advised Bush that the deed had not been recorded.
On May 8,1985, the respondent obtained a $15,000 personal loan from Barnett Bank and without Bush’s permission, the respondent used the Locksley property as collateral to secure the loan. In accord with the provisions of the promissory note, the respondent collected $415.86 per month from Bush. In April 1986, the respondent increased the amount due from Bush to $530.86 per month. Upon Bush’s failure to pay the monthly amount, the respondent filed a final notice to quit premises even though there was not a signed lease agreement between Bush and the respondent.[2] The notice demanded payment of rent in the amount of $1061.99 or surrender of the premises on or before April 8, 1986.
Bush paid the respondent $1200, and the respondent indicated by letter that she would tentatively hold the money pending receipt of an additional $415.86. On May 28, 1986, Bush was served with a final judgment of eviction and writ of possession. The respondent had deposited the $1200 prior to May 28, 1986. During all of these business transactions and at the time of Bush’s eviction, the respondent was acting as Bush’s sole attorney.

*1106
Case No. 80,71k:

Ms. Phyllis Brown contacted the respondent in November 1983 concerning an employment discrimination matter. Brown alleged that the sheriffs office used an agility test that discriminated against women as a prerequisite for hiring. In December 1983, the respondent filed a Title VII action with the Equal Employment Opportunity Commission (EEOC) on Brown’s behalf. She also filed a separate civil action in federal district court, even though she had not received the “right to sue” letter from the EEOC. The respondent was aware that the evidence available did not prove the necessary element of discriminatory intent. On February 3, 1984, the respondent watched a videotape of Brown’s performance on the agility test that established that the Title VII action was without foundation. The court found that the respondent’s action of litigating the case after February 3,1984 constituted bad faith. The court also found that the action was frivolous. The United States Court of Appeal for the Eleventh Circuit affirmed the trial court’s decision. According to the referee’s findings, the respondent has not contributed to the costs and fees prescribed in the federal court order.
With respect to case number 80,236, the referee recommends that the respondent be found guilty of the following violations of the former Code of Professional Responsibility Disciplinary Rules: rule 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); rule 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); rule 5-104(A) (a lawyer shall not enter a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment for the protection of the client); rule 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the client through reasonably available means permitted by law); rule 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage the client during the course of the professional relationship); rule 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client).
With respect to ease number 80,714, the referee recommends that the respondent be found guilty of violating the following former Disciplinary Rules: rule 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to justice); rule 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his or her fitness to practice law); rule 6-101(A)(l) (a lawyer shall not handle a legal matter which he or she is not competent to handle, without associating a lawyer who is competent to handle the matter); rule 6-101(A)(2) (a lawyer shall not handle a legal matter without preparation adequate in the circumstances); rule 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage the client during the course of the professional relationship); rule 7-102(A)(l) (a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the chent when it is obvious that such action would merely harass or maliciously injure another); rule 7-102(A)(2) (a lawyer shall not knowingly advance a claim or defense that is unwarranted under existing law unless it can be supported by a good faith argument for an extension, modification, or reversal of existing law).
The referee found several aggravating factors, including a prior private reprimand of the respondent, dishonest or selfish motive, multiple offenses, vulnerability of the victim, substantial experience in the practice of law, and an indifference to making restitution. In mitigation, the referee found that the respondent suffered from personal or emotional problems, that she made full and free disclosure to the disciplinary board, and that there was an unreasonable delay in The Florida Bar’s pursuit of these disciplinary proceedings. Having reviewed the testimony of the parties and considered the aggravating and mitigating circumstances, the referee recommends that the respondent be suspended from the practice of law for a period of eighteen months.
The factual findings and the recommendations of the referee are presumed cor *1107 rect and must be upheld unless they are unsupported by the record.[3] The Florida Bar v. Rosen, 608 So.2d 794 (Fla.1992). The respondent does not substantially dispute the facts and the conclusions drawn therefrom, but primarily contends that she should be exonerated because of the extended delay in bringing this action. While we share the respondent’s concern with The Florida Bar’s delay in filing the disciplinary action, we cannot find that the delay affected the referee’s determination of guilt. However, the delay in filing and pursuing the case against the respondent can be considered in determining the type of discipline to be imposed.
Thus, we conclude that Deitra Micks’s misconduct warrants an eighteen-month suspension from the practice of law. The suspension will be effective thirty days from the filing of this opinion so that Micks can close out her practice and protect the interest of existing clients. If she notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Micks shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $2,715.16 is hereby entered against Micks, for which sum let execution issue.
It is rather obvious that Lillian Bush and Phyllis Brown suffered damage because of the respondent’s conduct. As a condition of her readmission, Deitra R. Micks must make full restitution and satisfy all claims of these parties. Proof thereof must accompany any application for reinstatement.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The respondent's $4,000 attorney's fee and a $10,000 fee for consideration were included in the sale price. The $10,000 was never transferred in any form to Bush. In addition, the promissory note signed on April 30, 1985 reflects that Bush was to pay the respondent only $29,-000, not $39,000 as reflected in the sale agreement.

. Because the agreement for deed conveying the Locksley property to Bush was never filed, the respondent was the recorded title holder.

. The respondent has accepted the factual allegations in The Florida Bar’s complaint and does not contest the referee’s findings.