815 So.2d 624 (2002)
THE FLORIDA BAR, Complainant,
v.
Alan R. HOCHMAN, Respondent.
No. SC00-100.
Supreme Court of Florida.
April 4, 2002.
*625 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, Tallahassee, FL; and Randi Klayman Lazarus, Bar Counsel, Miami, FL, for Complainant.
Richard B. Marx, Miami, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that attorney Alan R. Hochman be suspended from the practice of law under Rule Regulating The Florida Bar 3-7.2, for three years effective, nunc pro tunc, on the date Hochman entered a no contest plea on two felony charges in criminal court (i.e., October 7, 1999). We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's recommendation that Hochman be suspended for three years, but disapprove the referee's recommended effective date. Hochman's three-year suspension shall instead be effective, nunc pro tunc, on the effective date of his prior suspension (i.e., July 28, 1997).

FACTS
In 1997, Hochman voluntarily came forward and entered into a guilty plea and consent judgment for discipline, therein admitting that "[a]s a result of a significant problem with drug addiction, client trust funds were misappropriated" and that he had thereby violated several of the Rules Regulating The Florida Bar. As a result, this Court ultimately suspended Hochman for three years effective July 28, 1997. See Florida Bar v. Hochman, 717 So.2d 539 (Fla.1998) (table).
In 1999, based on the same underlying misappropriation of trust funds, Hochman was criminally charged with two felony grand theft charges and, on October 7, 1999, he pled no contest to those charges. Judgments were entered withholding adjudication and sentencing Hochman to two years of community control.
In 2000, The Florida Bar filed with this Court a notice of judgment of guilt under rule 3-7.2(e), requesting that this Court suspend Hochman for three years based on the felony judgments entered against him. Hochman shortly thereafter filed with this Court a petition to terminate or modify suspension, arguing theories of res judicata, collateral estoppel, double jeopardy, and fundamental unfairness in urging that any further suspension based on the same underlying misconduct would impermissibly amount to "punishing [Hochman] twice for the exact same incident." The Bar in its response argued to the contrary that the issue in the present case was not the underlying misconduct, but rather the felony judgments resulting therefrom, urging that "this proceeding pursuant to Rule 3-7.2 involves a mandatory disciplinary result... and therefore does not involve the same issue as the [earlier] consent judgment."
This Court assigned a referee, who in turn held a hearing and ultimately rejected Hochman's arguments and recommended that he be suspended for three years effective, nunc pro tunc, on the date he entered his plea in criminal court (i.e., October 7, 1999). Hochman filed a motion for rehearing, which the referee denied. Hochman *626 then filed in this Court a petition for review[1] and briefs were filed on the merits.

DISCUSSION
Hochman asks this Court to reject the referee's recommended discipline, urging in pertinent part that his suspension, if any, should be effective, nunc pro tunc, on the effective date of his prior suspension (i.e., July 28, 1997). The Bar counters that this Court should approve the referee's recommended discipline and suspend Hochman for three years effective, nunc pro tunc, on the date he entered his plea in criminal court (i.e., October 7, 1999). We agree with Hochman.
The issue here is whether Hochman has shown good cause to modify or terminate the presumptive three-year suspension typically imposed upon a determination or judgment of guilt.[2] The referee's report is silent in this regard, but we conclude that Hochman has shown good cause. As found by the referee (and not contested by the Bar), after suffering from drug addiction and alcoholism for five years, Hochman admitted himself into a facility for treatment; upon completing treatment he voluntarily informed the Bar and his clients that he had misappropriated funds; he entered into a guilty plea and consent judgment with the Bar under which he was suspended for three years and required to continue rehabilitation and make restitution; he has been complying with all of the terms of his consent judgment; he has entered into a rehabilitation contract with Florida Lawyers' Assistance, Inc., and attends their regular weekly support meetings; he is a member of Alcoholics Anonymous and regularly attends several meetings a week; and he attends weekly aftercare meetings at South Miami Hospital.
We are satisfied that these positive, proactive, and rehabilitative efforts by Hochman establish the requisite good cause in this context to modify the standard three-year suspension by imposing it retroactively, effective on the date of his prior suspension (i.e., July 28, 1997), especially considering that both suspensions are ultimately based on the same underlying misconduct. In so doing, we note symmetry with cases involving the much more common fact pattern (that is, felony suspension first, followed by a separate disciplinary sanction based on the misconduct underlying the felony, as opposed to viceversa *627 as in the present case) in which the discipline on the underlying misconduct is typically made effective, nunc pro tunc, on the effective date of the felony suspension. See, e.g., Florida Bar v. Korones, 752 So.2d 586, 592 (Fla.2000) (disbarring lawyer effective, nunc pro tunc, on the effective date of the felony suspension); Florida Bar v. Marcus, 616 So.2d 975, 978 (Fla.1993) (suspending lawyer for three years effective, nunc pro tunc, on the effective date of the felony suspension).
Finally, we stress that misconduct such as Hochman's (i.e., misappropriation of client trust funds and felony determinations of guilt) typically results in disbarment. We stress too that Hochman most likely would have been disbarred (or possibly suspended for two consecutive, instead of concurrent, three-year terms) had he not from the very beginning voluntarily come forward, entered into a guilty plea and consent judgment for discipline, and doggedly pursued meaningful rehabilitation. Hochman's experience, and this opinion, should serve as an important reminder to all attorneys that voluntarily taking responsibility and meaningful action to correct their own misconduct will be favorably recognized and considered by this Court in determining appropriate discipline.

CONCLUSION
We accordingly approve the referee's recommendation that Hochman be suspended for three years, but reject the referee's recommended effective date and instead hereby suspend Alan R. Hochman from the practice of law for three years effective, nunc pro tunc, on the effective date of his prior suspension (i.e., July 28, 1997). Thus, assuming that all other conditions of his suspensions have been satisfied, Hochman may immediately pursue reinstatement procedures under rule 3-7.10. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Alan R. Hochman in the amount of $858.24, for which sum let execution issue.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
WELLS, C.J., concurs in part and dissents in part with an opinion.
WELLS, C.J., concurring in part and dissenting in part.
I concur in this opinion to the extent that the majority approves the referee's recommendations.
I dissent from that portion of the majority's decision which disapproves the referee's report. The referee states sound reasons why the suspension should begin on the date of the entry of the plea in criminal court.
If I were writing on a clean slate, I would be in favor of disbarment because I think that this case should be controlled by our decisions in Florida Bar v. Korones, 752 So.2d 586 (Fla.2000), and Florida Bar v. Travis, 765 So.2d 689 (Fla.2000).
NOTES
[1] The Bar has filed a motion to dismiss Hochman's appeal or strike the petition for review, urging that Hochman has no right to seek review of the referee's report under rule 3-7.2. However, rule 3-7.7(a)(1) generally provides that "[a]ny party to a proceeding may procure review of a report of a referee ... entered under these rules" and, citing another subdivision of that same rule, the Bar affirmatively notified Hochman that he had "until October 5, 2000, to file a petition" for review of the referee's report. We hereby accordingly deny the Bar's motion.

Also, while the present case was pending, Hochman filed a second "emergency" petition to terminate or modify suspension, primarily urging that his 1997 three-year suspension based on the consent judgment had expired, but that he could not seek reinstatement due to the present pending case. The Bar filed a motion to dismiss Hochman's petition, urging that it was unauthorized under the rules. We hereby dismiss as moot both Hochman's petition and the Bar's motion to dismiss same, as the matter of whether and when Hochman may seek reinstatement is resolved herein.
[2] See R. Regulating Fla. Bar 3-7.2(h)(1) ("Unless the Supreme Court of Florida permits an earlier application for reinstatement, the suspension imposed on the determination or judgment of guilt shall remain in effect for 3 years and thereafter until the respondent is reinstated under rule 3-7.10 hereof."); R. Regulating Fla. Bar 3-7.2(f)(3) ("Modification or termination of the suspension shall be granted only upon a showing of good cause.").