930 So.2d 574 (2006)
THE FLORIDA BAR, Complainant,
v.
Michael Howard WOLF, Respondent.
No. SC04-1374.
Supreme Court of Florida.
February 23, 2006.
Rehearing Denied May 23, 2006.
*575 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, The Florida Bar, Tallahassee, FL, and Michael David Soifer, Bar Counsel, The Florida Bar, Fort Lauderdale, FL, for Complainant.
Kevin P. Tynan of Richardson and Tynan, P.L.C., Tamarac, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by Michael Howard Wolf. We have jurisdiction. See art. V, § 15, Fla. Const. After considering the facts of this case, we disapprove the referee's recommendation of a three-year suspension and impose a two-year suspension followed by one year of probation.

FACTS
After conducting a hearing, the referee issued a report making the following detailed findings. The Florida Bar filed a complaint alleging that Wolf engaged in trust accounting violations. A Bar audit revealed that Wolf had deposited funds into his operating account, which should have been held in trust. By placing such funds into his operating account, Wolf used his operating account as a trust account. That account was not an interest-bearing trust account in compliance with The Florida Bar's Interest on Trust Accounts (IOTA) program. During the investigation, Wolf cooperated with the Bar. He waived a probable cause hearing, admitted he placed the funds into his operating account, and admitted he failed to comply with the trust account requirements of the Rules Regulating the Florida Bar.
Wolf had several bank accounts, including two business accounts for general operating expenses, and a client trust account. Although Wolf had employees who managed the accounts, Wolf acknowledged that he had sole signatory authority for checks and the ultimate responsibility for the financial activities of his office. Further, he testified that he had a long-standing relationship with the bank, which would pay the overdrafts on the accounts and bill him with financial penalties.
In count 1, Wolf represented a client in a personal injury case that settled for $10,000. In October 2001, he deposited the $10,000 settlement check into his operating account, rather than in his IOTA trust account. These trust funds covered a previous shortage. Wolf paid one medical bill related to the case and applied other funds for his own use and benefit or for purposes other than the specific purpose for which said funds were entrusted, thereby leaving a balance of approximately $3355 in his operating account. Thereafter, Wolf remitted a check from his operating account to the client for her portion of the settlement, $4,624.20, which exceeded the balance in the operating account. The shortage in Wolf's operating account was caused by his misuse of client monies. When the client notified Wolf's office of the bounced check, he immediately and personally delivered cash to her.
Count 2 involves a general finding that Wolf placed funds to be held in trust into his operating account. He did this to cover shortages and remit funds to clients and others with trust monies deposited from other unrelated matters. The Bar audit demonstrated that throughout the audit period, Wolf's operating account was overdrawn. The use of client funds for purposes other than the specific purpose for *576 which these funds were entrusted constitutes misappropriation of client funds.
As to count 3, Wolf used his operating account as a trust account and failed to follow the Rules Regulating the Florida Bar pertaining to the regulation of trust accounts. Wolf's operating account records were deficient and in violation of the minimum requirements for trust accounts.
Before the referee, Wolf asserted that he did not willfully deposit the trust checks into his operating account. His employee had incorrectly made the deposits. Wolf had warned her about this impropriety on earlier occasions. Also, Wolf had hired an individual to keep his account records. Thus, Wolf argued that he did not have the intent to misappropriate funds. Further, he had been audited shortly before these incidents occurred and no accounting violations were found. In addition, since the Bar's audit, Wolf participated in the Bars trust account workshop and explored technological methods to improve his compliance with the accounting requirements.
After considering Wolf's arguments, the referee made recommendations as to guilt. With regard to count 1, the referee found that by his conduct and his misappropriation of client funds, Wolf violated the following provisions of the Rules Regulating the Florida Bar as they existed in 2001: 4-1.15(a) ("A lawyer shall hold in trust, separate from the lawyers own property, funds and property of clients or third persons that are in a lawyers possession in connection with a representation . . . . In no event may the lawyer commingle the clients funds with those of the lawyer or those of the lawyers law firm."); 4-1.15(b) (a lawyer shall promptly deliver to the client or third person funds which they are entitled to receive); 4-1.15(d) (a lawyer shall comply with the Rules Regulating Trust Accounts); 5-1.1(a) (money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose); 5-1.1(d) (minimum trust accounting records shall be maintained and minimum trust accounting procedures must be followed); and 5-1.1(e)(2) (all nominal or short term funds belonging to clients or third persons that are placed in trust with any member of the Bar practicing law from an office or other business location within the State of Florida shall be deposited into one or more interest bearing trust account checking accounts).
As to count 2, the referee found that Wolf commingled his funds with those of his clients and thus violated former rules 4-1.15(a) and (d); and current rules 5-1.1(a) (commingling prohibited) and (b) (application of trust funds to specific purpose); and 5-1.1(g)(2) (formerly 5-1.1(e)(2), cited above).[1]
As to count 3, the referee found that Wolf's failure to follow the proper record keeping procedures violated rules 5-1.1 (nature and application of trust account funds); 5-1.2(b) (minimum trust accounting records); 5-1.2(b)(2) (minimum records include original or duplicate deposit slips clearly identifying certain information); and 5-1.2(c) (minimum trust accounting procedures).
Based on the Florida Standards for Imposing Lawyer Sanctions, the referee found four aggravating factors: (1) prior disciplinary offenses; (2) dishonest or selfish motive; (3) a pattern of misconduct (repeated overdraft coverages); and (4) substantial experience in the practice of *577 law. In mitigation, the referee found: (1) personal or emotional problems; (2) timely good faith effort to make restitution or to rectify consequences of misconduct; (3) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (4) unreasonable delay not caused by the respondent and demonstrated prejudice in the delay; and (5) interim rehabilitation.
As a sanction, the referee recommended that a three-year suspension was appropriate and that Wolf retake and pass the ethics portion of The Florida Bar examination. The referee based these recommendations on the finding that Wolf engaged in "sloppy bookkeeping" and, thus, he did not commit the misappropriations with the requisite intent. Also, during the time period of the instant misconduct, Wolf was undergoing psychotherapy. Further, the referee noted that there was not a monetary loss to any clients in the instant case, and that Wolf has not committed any improprieties for the last four years.
Wolf petitioned for review of the referee's report, challenging the referee's recommendation of a three-year suspension.

ANALYSIS
In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
It is well settled that the misuse of funds held in trust is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate sanction. Fla. Bar v. Travis, 765 So.2d 689, 691 (Fla.2000); see also Fla. Bar v. Tillman, 682 So.2d 542 (Fla.1996). There are cases, however, involving attorney misconduct relating to client funds in which the attorneys were disciplined by suspension instead of disbarment. In those cases, the attorney's misconduct was due to negligence rather than an intentional act to misappropriate funds.
In the instant case, the referee found that Wolf violated the Rules Regulating the Florida Bar, but that he did so without the requisite intent. When Wolf discovered that the check to the client exceeded the balance in the operating account, he promptly covered the shortage. During the investigation, Wolf cooperated with the Bar. Further, he admitted that he violated the trust account requirements of the Rules Regulating the Florida Bar.
The instant misconduct occurred over the course of one year, beginning in October 2001. During that time, Wolf was undergoing psychotherapy. He has conducted himself appropriately for the last four years. We conclude the record supports the referee's finding that Wolf did not have the requisite intent. Because Wolf's misconduct was due to negligence, and he did not intentionally use the funds for personal purposes, suspension is the appropriate sanction.
Accounting for client funds is a serious responsibility. Thus, the Court has imposed lengthy rehabilitative suspensions when attorneys were grossly negligent in the management of trust accounts. See Fla. Bar v. Mason, 826 So.2d 985 (Fla. 2002) (two-year suspension); Fla. Bar v. Whigham, 525 So.2d 873 (Fla.1988) (three-year suspension). In Mason, the referee *578 found that the attorney engaged in intentional misconduct by making eighty-two unidentified transfers from her trust account to cover operating account shortages. The Court noted that the attorney made mistakes in accounting practices, was not attempting to intentionally steal from her clients, did not intentionally misappropriate funds, would likely become rehabilitated, had no prior disciplinary history, was experiencing personal and emotional problems during a bitter divorce, made a timely good-faith effort to correct the problems, was inexperienced in handling the administrative responsibilities of a solo law practice, had a good reputation, and was remorseful. The Court held that a two-year suspension was appropriate.
Similar to Mason, the referee in this case found five significant mitigating factors.[2] He also noted that Wolf participated in the Bar's trust accounting workshop after the events in question. Wolf has acknowledged that he is ultimately responsible for the management of trust monies in his law firm and has taken affirmative steps to avoid further bookkeeping errors, including improving employee oversight.
A further comparison of Mason and this case reveals crucial distinctions. Mason's misconduct was intentional, while Wolf's misconduct was not intentional. Further, Mason made eighty-two transfers from her trust account to her operating account to cover expenses. In contrast, Wolf mistakenly made six deposits into his operating account instead of his trust account. Thus, the extent of Wolf's "sloppy book-keeping" is not nearly as egregious as Mason's. In addition, Wolf immediately covered the shortages in the account by remitting funds to the client.
Another critical factor is the referee's finding that Wolf's case was subject to unreasonable delay, which was not caused by Wolf and which caused Wolf prejudice.[3] We consider this factor in determining the appropriate sanction. See Fla. Stds. Imposing Law. Sancs. 9.32(i) (providing that an "unreasonable delay in [the] disciplinary proceeding" may be considered in mitigation "provided that the respondent did not substantially contribute to the delay and provided further that the respondent has demonstrated specific prejudice resulting from that delay"); see also Fla. Bar v. Micks, 628 So.2d 1104 (Fla.1993) (examining delay as a mitigating factor); Fla. Bar v. Marcus, 616 So.2d 975 (Fla.1993) (same). The check to Wolf's client bounced in October 2001. In May 2003, the Bar sent Wolf a letter seeking the production of certain documents. In August 2003, the Bar auditor completed a written report regarding the audits of Wolf's operating and trust accounts for various periods from January 2001 through December 2002. Nevertheless, the Bar did not file a complaint with the Court until July 2004. At that point, the Bar's complaint stated that Wolf had already been cooperating with the Bar. Thus, even though Wolf cooperated, his case was delayed for an extensive and detrimental period before the Bar filed the complaint. In light of Wolf's cooperation *579 and his efforts to timely resolve the instant matters, the Bar's unexplained delay in pursuing this case is a significant factor that affects the disciplinary sanction. We hold that a three-year suspension is not appropriate.
This Court emphasizes the importance of integrity in accounting and views the misuse of client funds as extremely serious misconduct. We find, however, that the unique facts of this case and Mason indicate that Wolf's misconduct merits a two-year suspension followed by one year of probation.

CONCLUSION
Accordingly, we disapprove the referee's recommendation of a three-year suspension. Michael Howard Wolf is hereby suspended for two years. Upon reinstatement, he will serve one year of probation. Also, Wolf shall retake and pass the ethics portion of the Florida bar examination.
The suspension will be effective thirty days from the filing of this opinion so that Wolf can close out his practice and protect the interests of existing clients. If he notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately.
Michael Howard Wolf shall accept no new business from the date this opinion is filed until he is reinstated to the practice of law in Florida. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Michael Howard Wolf in the amount of $4,564.11, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] During the one-year period of Wolf's accounting errors, the numbers of and language in certain rules were changed. Thus, the referee found that Wolf's early acts of negligent misappropriation violated different rule numbers.
[2] "A referee's finding as to the existence of a particular mitigator is considered a factual determination and is `presumed correct and will be upheld unless clearly erroneous or lacking in evidentiary support.'" Fla. Bar v. Tauler, 775 So.2d 944, 946 (Fla.2000) (quoting Fla. Bar v. Hecker, 475 So.2d 1240, 1242 (Fla.1985)).
[3] Rule Regulating the Florida Bar 3-7.6(g) provides: "Bar counsel shall make such investigation as is necessary and shall prepare and prosecute with utmost diligence any case assigned."