PER CURIAM.
We have for review a referee’s report recommending that Alan R. Hochman be reinstated to the practice of law in Florida. We have jurisdiction. See art. V, § 15, Fla. Const. For reasons explained below, we reject the referee’s recommendation that Hochman be reinstated. By presenting no evidence of his drug or alcohol rehabilitation at the hearing below, Hoch-man failed to carry his burden of proving rehabilitation.
In 1998, attorney Alan Robert Hochman was suspended for three years for misappropriating clients’ funds.[1] The underlying facts are set forth in our opinion in Florida Bar v. Hochman, 815 So.2d 624 (Fla.2002):
[AJfter suffering from drug addiction and alcoholism for five years, Hochman admitted himself into a facility for treatment; upon completing treatment he voluntarily informed the Bar and his clients that he had misappropriated funds; he entered into a guilty plea and consent judgment with the Bar under which he was suspended for three years and required to continue rehabilitation and make restitution....
Id. at 626. After he was suspended, Hoch-man was charged with two criminal counts of felony grand theft based on the same underlying misappropriation of client funds. Adjudication was withheld and he was sentenced to two years of community *200 control. As a result of the criminal charges, Hochman was suspended for an additional three years, effective, nunc pro tunc, July 28, 1997, the effective date of the prior suspension. See id. at 627. On April 17, 2003, Hochman petitioned for reinstatement. The Bar opposed the petition.
The referee recommended that Hoch-man be reinstated, with the following conditions:
(1) Restitution
(a) A neutral accountant shall be appointed to review the records of the petitioner’s Trust Account, bank accounts, and any relevant documents in the possession of The Florida Bar to determine the names of each person owed restitution based on the Petitioner’s misconduct, the exact amount of restitution, the amount that has already been paid and by whom, and when the payments were made. Within sixty days of receiving this accounting, the Petitioner shall prepare a payment plan and submit it to The Florida Bar for their approval. If the parties cannot agree on an amount and terms, then the matter shall be set for a restitution hearing before the referee.
(b) The Petitioner’s payment plan shall also include full restitution to attorney Levy Gardner and Dennis Colton.
(c) All payments shall be made by the Petitioner to a member of The Florida Bar who shall act as a monitor for the duration of the restitution, accepting payments checks from the Petitioner which will be forwarded to The Florida Bar. The monitor shall maintain a record of all checks received and payments forwarded. No payments shall be made directly to the victims by the Petitioner. The Florida Bar will make all payments, and maintain an accounting of all checks received by the Petitioner and payments made to victims.
(d)The Petitioner shall have no authority to write checks on any business/operating checking account or trust account until full restitution has been made.
(2) Rehabilitation
The Petitioner shall not consume any alcohol, controlled substances, or any unprescribed medications. Until full restitution has been made, he shall:
(a) submit to weekly urinalysis testing, and the findings shall be forwarded to The Florida Bar;
(b) maintain a Sobrietor at this residence which shall be monitored by the Monitored Services Bureau, 15801 State Road # 9, Miami, Florida 33169, telephone (786) 263^4899. The Sobrietor is a remote alcohol testing system which enables reliable automatic and unsupervised remote breath test administration at the Petitioner’s own home. The Petitioner shall submit to random alcohol testing no less than five times per week. The results of these tests shall be forwarded to The Florida Bar.
The Bar has petitioned for review, opposing Hochman’s reinstatement. The Bar claims that Hochman has failed to show that he acted with unimpeachable character during his suspension.
The Court’s standard of review for evaluating a referee’s recommendation concerning reinstatement is broader than the standard applicable to our review of the referee’s factual findings because it is ultimately our responsibility to enter an appropriate judgment. See Fla. Bar re Inglis, 471 So.2d 38, 41 (Fla.1985); see also Fla. Bar re McGraw, 903 So.2d 905 (Fla.2005); Fla. Bar re Grusmark, 662 So.2d 1235 (Fla.1995). Specifically, where “the recommendation of reinstatement has a basis in existing caselaw, [the Court] will *201 not second-guess the referee.” See Fla. Bar re Hernandez-Yanks, 690 So.2d 1270, 1272 (Fla.1997).
In the present case, the Bar contends that because Hochman presented no evidence concerning his alcohol and drug rehabilitation at the hearing below, the referee erred in recommending that Hoch-man be reinstated. We agree. The guilty plea and consent judgment that Hochman submitted in 1997 provided as follows in relevant part:
4. Respondent admits that the following facts are true and accurate and stipulates:
A. As a result of a significant problem %vith drug addiction, client trust funds were misappropriated.
5. Respondent admits that by reason of the foregoing facts Respondent has violated [various disciplinary rules involving the misappropriation of client funds].
6. Respondent hereby tenders a Consent Judgment for Discipline where Respondent agrees to the following discipline:
[[Image here]]
C. Ongoing participation in an appropriate directed rehabilitation program.
(Emphasis added.) In brief, Hochman admitted that he stole client funds due to a significant drug addiction problem. He agreed to participate in a rehabilitation program on an ongoing basis as a condition of his suspension.
Rule Regulating the Florida Bar 3-7.10, which governs reinstatement proceedings, sets forth certain criteria that a referee shall consider in determining if a petitioner should be reinstated:
(1) Disqualifying Conduct. A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of a petitioner may constitute a basis for denial of reinstatement. The following shall be considered as disqualifying conduct:
[[Image here]]
(K) evidence of drug or alcohol dependency;
[[Image here]]
(2) Determination of Character and Fitness. In addition to other factors in making this determination, the following factors should be considered in assigning weight and significance to prior conduct:
[[Image here]]
(G) evidence of rehabilitation;
[[Image here]]
(I) candor in the discipline and reinstatement processes; and
(J) materiality of any omissions or misrepresentations.
R. Regulating Fla. Bar 3 — 7.10(f) (emphasis added).[2]
In light of Hochman’s failure to produce any evidence concerning his alcohol and drug rehabilitation at the hearing below, the referee’s recommendation of reinstatement is contrary to the above criteria. Further, Hochman cites no authority to support the proposition that an attorney *202 who was suspended for alcohol or drug-based misconduct can be reinstated without producing any evidence of alcohol or drug rehabilitation. Accordingly, because Hochman failed to carry his burden of proving rehabilitation, we reject the referee’s recommendation that he be reinstated.
Based on the foregoing, we reject the referee’s recommendation that Hochman be reinstated. Hochman may submit a successive petition for reinstatement as provided in the rules. See R. Regulating Fla. Bar 3-7.10(k) (“No petition for reinstatement shall be filed within 1 year following an adverse judgment upon a petition for reinstatement filed by or on behalf of the same person. In eases of incapacity no petition for reinstatement shall be filed within 6 months following an adverse judgment under this rule.”). Thus, Hochman may not reapply for reinstatement until at least one year after the date of issuance of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which PARIENTE and CANTERO, JJ., concur.

. See Fla. Bar v. Hochman, 717 So.2d 539 (Fla.1998) (table decision).

. We note that rule 3-7.10(g)(5) was added, effective January 1, 2006, to directly address the confidentiality issue:
(5) Evidence of Treatment or Counseling for Dependency or Other Medical Reasons. If the petitioner has sought or received treatment or counseling for chemical or alcohol dependency or for other medical reasons that relate to the petitioner's fitness to practice law, the petitioner shall waive confidentiality of such treatment or counseling for purposes of evaluation of the petitioner’s fitness.
In re Amendments to Rules Regulating Fla. Bar, 916 So.2d 655, 680 (Fla.2005) (emphasis added).