PER CURIAM.
 

 We have for review a referee’s report recommending that Michael Howard Wolf
 
 *16
 
 be reinstated to the practice of law in Florida. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const. For the reasons stated below, we reject the referee’s recommendation that Wolf be reinstated. Wolf failed to prove rehabilitation by failing to strictly comply with this Court’s suspension order, in that he engaged in the practice of law while under suspension. He has also failed to prove rehabilitation by continuing to demonstrate financial irresponsibility, the character flaw that caused or greatly contributed to the conduct that led to his suspension.
 

 In 2006, Wolf was suspended for two years for negligently misappropriating client funds.
 
 See Fla. Bar v. Wolf,
 
 930 So.2d 574 (Fla.2006). Prior to his suspension, Wolf practiced primarily in the area of gaming law. After being suspended, Wolf worked as a paralegal with two separate attorneys, both of whom had contacted the Bar seeking advice about the scope of the work that Wolf was allowed to undertake. Although Bar grievances were filed against Wolf with respect to his paralegal work, the Bar dismissed the complaints due to insufficient evidence.
 

 In addition to his paralegal work, Wolf earned regular and, at times, substantial sums as a private consultant with a consulting business he created to advise arcades. Wolf advised his consulting clients on opening arcades, reported on law changes in this area, reviewed leases, and researched ordinances that would apply to new arcade sites. At one point, Wolf consulted with a representative of a state attorney’s office on the “proper interpretation” of gaming law for an attorney’s criminal client.
 

 At the reinstatement hearing before the referee, Wolf called several witnesses, including the attorneys for whom he worked as a paralegal, a judge, friends, family, and clients, to testify as to his good reputation, remorse, and community service. The referee found that Wolf spent ten to fifteen hours a week coaching and assisting in the management of a disadvantaged children’s seasonal basketball league. Wolf also passed the ethics portion of the Bar exam and paid the Bar’s costs. The referee found that Wolf is well-liked, respected, knowledgeable, and remorseful.
 

 However, although the referee found that Wolf learned some financial management skills while working as a paralegal, she also found that Wolfs financial situation is unstable and that he owes substantial money to the Internal Revenue Service. In fact, the referee specifically found that Wolf was “horrible at financial management” and that he failed to take a Law Office Management Assistance Service (LOMAS) course for which he enrolled. Further, Wolf allowed a check written as a direct retainer for an attorney to be written to him. He cashed checks that were made out to him but were to be used to pay for the legal services of an attorney. One check clearly noted “for legal services” on it. Another noted “legal consult” and was made out to him. He also failed to keep adequate financial records for his gaming consultation business. The referee recommends that Wolf be reinstated to the practice of law, with conditions, because he is knowledgeable, well-liked, and remorseful.
 

 The Bar petitions for review, opposing Wolfs reinstatement. The Bar primarily argues that Wolf practiced law and handled trust funds during his suspension.
 
 [1]
 

 
 *17
 
 A petitioner seeking reinstatement to The Florida Bar must establish by clear and convincing evidence that he has met the criteria set forth in Rule Regulating the Florida Bar 3-7.10, “Reinstatement and Readmission Procedures,” and the decisions of this Court.
 
 See Fla. Bar re McGraw,
 
 903 So.2d 905, 909 (Fla.2005). This Court has a wide scope of review with regard to the referee’s legal conclusions because we have the ultimate responsibility to enter the appropriate judgment.
 
 Id.
 

 We agree with the Bar that Wolf should not be reinstated because he practiced law while under suspension and, therefore, was not in strict compliance with this Court’s suspension order. Clearly, by operation of our opinion suspending Wolf, he may not practice law until he is reinstated.
 
 See
 
 R. Regulating Fla. Bar 3-7.10(f)(3)(A) (an element of rehabilitation is “strict compliance with the specific conditions of any disciplinary, judicial, administrative, or other order”); 10-2.1(c) (“A suspended lawyer, while a member of The Florida Bar during the period of suspension as provided elsewhere in these rules, does not have the privilege of practicing law in Florida during the period of suspension.”).
 

 The referee found that the conduct Wolf engaged in while suspended did not amount to the practice of law. We cannot agree. While the referee’s factual findings are supported, her conclusion that Wolfs actions did not constitute the practice of law is erroneous.
 

 In
 
 State ex rel. Florida Bar v. Sperry,
 
 140 So.2d 587, 591 (Fla.1962),
 
 vacated on other grounds,
 
 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), we defined the practice of law as follows:
 

 We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that
 
 if the giving of such advice and performance of such services affect important rights of a person under the law,
 
 and if the reasonable protection of the rights and property of those advised and served
 
 requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen,
 
 then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law.
 

 (Emphasis added.)
 

 The referee found that “defining advice as legal or business is difficult.” However, although Wolf informed his clients that he could not dispense legal advice, he was not simply identifying applicable statutes and ordinances with regard to opening arcades. In fact, Wolf testified that he would find the ordinances applicable to the jurisdiction in which an arcade was located and admittedly provided this advice based on his legal skill, which is greater than that possessed by the average citizen. Further, as stated above, Wolf gave advice on opening arcades, reported on changes in the law applicable to this area, reviewed leases, researched ordinances applicable to new arcade sites, and consulted with a representative of a state attorney’s office on the proper interpretation of gaming law for an attorney’s criminal client. Based on the definition in
 
 Sperry,
 
 trading on one’s enhanced legal skill and knowledge to advise clients on how to legally proceed with a business transaction and on changes in the law based on statutory research and
 
 *18
 
 legal interpretation is the province of licensed attorneys. Accordingly, the referee’s conclusion that Wolfs actions did not constitute the practice of law is erroneous and is disapproved.
 

 The Bar also argues that Wolf should not be reinstated because he handled trust funds while under suspension.
 
 See
 
 R. Regulating Fla. Bar 3 — 6.1(d)(2) (prohibiting suspended attorneys from receiving, disbursing, or otherwise handling trust funds or property). The referee did not squarely find that Wolf handled trust funds. In one instance, the first attorney for whom Wolf worked as a paralegal directed two clients to pay to Wolf fees the attorney had earned because he owed Wolf back pay. Wolf accepted the clients’ checks. As the attorney had already earned the fees, we cannot conclude that they constituted trust funds.
 
 See
 
 R. Regulating Fla. Bar 5-l.l(a);
 
 Fla. Bar v. Riggs,
 
 944 So.2d 167, 169 (Fla.2006) (approving referee’s conclusion that “[depositing earned fees into a trust account is a violation of the Rules Regulating Trust Accounts”). In another instance, one of Wolfs consulting clients gave Wolf checks, made payable to Wolf, so that Wolf could use the money to retain a lawyer in good standing to represent the consulting client. Wolf deposited the checks into his business account on which a lien was later placed. These funds were certainly in the nature of trust funds because they did not belong to Wolf. Wolfs poor judgment in accepting, managing, and depositing these checks, along with the fact that his financial management skills are “horrible,” demonstrates his financial irresponsibility, a disqualifying factor in reinstatement proceedings.
 
 See
 
 R. Regulating Fla. Bar 3-7.10(f)(1)(G). This factor weighs especially heavy here because this same weakness caused or contributed to the conduct that led to Wolfs suspension in the first place.
 

 In evaluating a referee’s recommendation as to reinstatement, we will generally not second-guess the referee where the recommendation has a basis in existing case law.
 
 See Fla. Bar re Hochman,
 
 944 So.2d 198, 200-01 (Fla.2006). However, it is ultimately the Court’s responsibility to enter an appropriate judgment as to reinstatement.
 
 See id.
 
 Because Wolf, in fact, engaged in conduct that constituted the practice of law during his suspension and he continues to be financially irresponsible, the recommendation as to reinstatement lacks a basis in existing case law and must be disapproved.
 
 See Fla. Bar re Shores,
 
 587 So.2d 1313 (Fla.1991) (denying reinstatement of a lawyer who practiced law while under suspension and was financially irresponsible). Therefore, despite the evidence presented vouching for Wolfs character and reputation, we reject the referee’s recommendation that Wolf be reinstated. Wolf may not reapply for reinstatement until at least one year after the date of this opinion.
 
 See
 
 R. Regulating Fla. Bar 3-7.10(k).
 
 [2]
 

 Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Michael Howard Wolf in the amount of $3,508.14, for which sum let execution issue.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . The Bar also argues that Wolf failed to fully disclose his occupations in his petition for reinstatement and that his failure to notify two clients and a judge of his suspension constitutes disqualifying conduct to reinstatement. Because our decisions with regard to
 
 *17
 
 the other issues raised by the Bar preclude Wolfs reinstatement, we need not and do not address these issues.
 

 [2]
 

 . We have not been presented with the question and do not address whether respondent’s practice of law while suspended constitutes a violation of rules that may subject him to additional sanctions.