# Supreme Court of Florida

_____

No. SC19-1886

_____

**THE FLORIDA BAR
RE: BRIAN JOHN MURTHA**

October 21, 2021

PER CURIAM.

This case is before the Court on the petition of Brian John Murtha for reinstatement to the practice of law. We have jurisdiction. *See* art. V, § 15, Fla. Const. For the reasons explained below, we disapprove of the referee's findings and recommendation and deny the petition for reinstatement.

**I**

Pursuant to this Court's order approving the recommendation of a referee in two consolidated cases, Murtha was suspended from the practice of law for ninety-one days, effective thirty days after October 13, 2016. *Fla. Bar v. Murtha*, Nos. SC15-2011 & SC16-581, 2016 WL 5944709 (Fla. Oct. 13, 2016). In those cases, Murtha was found to have violated Rules Regulating the Florida Bar

(rules) 4-1.15 (Safekeeping Property); 4-1.3 (Diligence); 4-1.4 (Communication); 4-8.4(g) (Misconduct); 5-1.1(b) (Trust Accounts; Application of Trust Funds or Property to Specific Purpose); 5-1.1(j) (Disbursement Against Uncollected Funds); and former 5-1.2(b)(3), (5), (6), and (c)(1) (Trust Accounting Records and Procedures). Pursuant to the suspension order, Murtha was ordered to comply with rule 3-5.1(h), under which he was required to notify his clients and the courts in which he was counsel of record of his suspension and provide a sworn affidavit to the Bar listing those who were notified.

Murtha did not notify the courts in at least three separate cases in which he was counsel of record. The Court held Murtha in contempt for his noncompliance with the suspension order, and on October 16, 2017, suspended him from the practice of law for one additional year. *Fla. Bar v. Murtha*, No. SC17-1452, 2017 WL 4585663 (Fla. Oct. 16, 2017).

On November 6, 2019, Murtha filed a petition for reinstatement. This is Murtha's third petition for reinstatement; he voluntarily dismissed two prior petitions. *See Fla. Bar re Murtha*, No. SC17-988, 2017 WL 5898506 (Fla. Nov. 30, 2017); *Fla. Bar re*

*Murtha*, No. SC18-1737, 2019 WL 2587841 (Fla. Jun. 24, 2019). Murtha's petition now before us was referred to a referee, who, over the Bar's objections, ordered the Bar and Murtha to engage in formal civil mediation. In ordering mediation, the referee noted that the Bar could agree to stipulate to the issue of reinstatement and fully resolve the case. Alternatively, the referee hoped that mediation would facilitate the Bar and Murtha agreeing to narrow any issues in contention before the final hearing. The mediation resulted in a joint pretrial statement wherein Murtha and the Bar stipulated to the admissibility of exhibits and agreed on certain mitigation but there was no agreement on the issue of disqualifying conduct or as to reinstatement.

After mediation, the referee held a final hearing and submitted a report recommending that Murtha's petition be granted and that he be reinstated to the practice of law. The referee found that there was no evidence that Murtha engaged in the practice of law during his suspension and that he had proven his rehabilitation and fitness to resume the practice of law by clear and convincing evidence, which outweighed any evidence of potentially disqualifying conduct. The referee indicated that the underlying

misconduct for which Murtha was suspended was due to his "sloppy" procedures in running his law practice of debt collection and business litigation and in handling his personal finances. This sloppiness stemmed from stress, anxiety, and depression related to Murtha's wife having suffered a serious medical condition, his mother-in-law having suffered a serious medical issue that resulted in her death, and a friend having recently died. The referee also noted that the witnesses who testified at the final hearing, including the original complaining witness, had positive interactions with Murtha. He was described as a "pleasant, personable, and knowledgeable attorney" who positively contributed to his community and is remorseful for his misconduct. Further, the referee highlighted that Murtha did not misappropriate client funds for personal gain but instead was merely "sloppy" with record keeping.

Beyond these limited findings of fact, the referee's report did not directly address the elements of rehabilitation in rule 3-7.10(f)(3), other than to say that they were met. Nor did the referee address the Bar's allegations that Murtha engaged in disqualifying

conduct,[1] other than to note that Murtha's evidence of rehabilitation outweighed any such conduct.

The referee recommended that Murtha be reinstated conditioned on an eighteen-month probationary period, requiring Murtha to comply with seven conditions during that time. The conditions were: (1) not writing or depositing checks for his law practice; (2) hiring a CPA to review his accounts every two months; (3) having the CPA report to the Bar any violations and prepare any tax returns; (4) completing five CLE credits each month starting October 1, 2020, focused on trust accounting or mental health issues; (5) meeting with a licensed mental health counselor at least twice a month and filing of a monthly notice of compliance; (6) giving a presentation once a month, starting in October 2020, to other Florida lawyers about failing to seek treatment for depression and anxiety and filing a monthly notice of compliance; and (7)

---

1. The Bar claimed that while suspended, Murtha engaged in the following conduct which the Bar argued was disqualifying under rule 3-7.10(f)(1): misconduct in employment; financial irresponsibility; neglect of professional obligations; violation of an order of a court; and evidence of mental or emotional instability. The specific instances of disqualifying misconduct are discussed below.

agreeing that any violation of these terms would allow the Bar to seek additional discipline from this Court. Since the referee directed in his report that these conditions start in October 2020, rather than upon approval by the Court, Murtha has filed multiple notices with the Court stating his compliance with the conditions. The Bar seeks review of the referee's findings and recommendation that Murtha be reinstated, raising two issues.

## II

First, the Bar argues that the referee erred in ordering formal civil mediation prior to the final hearing in this reinstatement proceeding. The Bar asks this Court to make clear that formal civil mediation is inappropriate in Bar proceedings. We conclude that the referee's order of civil mediation in this case was inappropriate and merely delayed the proceedings. We decline at this time to address whether formal civil mediation is appropriate in any Bar proceeding.

Rule 3-7.10 governs the procedures for reinstatement of a lawyer who is ineligible to practice law due to a court-ordered disciplinary suspension of ninety-one days or more. Rule 3-7.10(d) provides that after the suspended lawyer files a petition for

- 6 -

reinstatement, the chief justice refers the petition to a referee for hearing. Rule 3-7.10(f) states that the "referee to whom the petition for reinstatement is referred *must* conduct the hearing as a trial" and the "referee *must* decide the fitness of the petitioner to resume the practice of law." R. Regulating Fla. Bar 3-7.10(f) (emphasis added). The rule's use of the word "must" makes clear that the referee's discretion is restrained and that he or she is required to conduct a hearing and decide the fitness of the petitioner.

The exception to the requirement for a formal hearing is that the Bar can stipulate to the issue of reinstatement in a summary procedure. Such a stipulation can occur only if "after the completion of discovery bar counsel is unable to discover any evidence on which denial of reinstatement may be based." R. Regulating Fla. Bar 3-7.10(g)(4).

Here, according to the record, the referee believed that the Bar could stipulate to the issue of Murtha's reinstatement. However, because there was evidence of disqualification on which the denial of reinstatement could be based, the Bar did not in fact have that authority. Thus, the referee erred in referring the Bar and Murtha to civil mediation, since the referee was required to hold a final

hearing and to make a determination on Murtha's fitness to return to the practice of law. Because the case could not be "settled" in a mediation proceeding and any narrowing of issues required might have occurred before the referee, civil mediation was inappropriate in this case. As to the joint pretrial stipulation, the Bar routinely makes such agreements without being ordered to formal mediation.

The Bar asks the Court to reject the use of civil mediation in all Bar proceedings. However, since rule 3-7.6(f)(1) states that the Rules of Civil Procedure apply to Bar proceedings except as otherwise provided, and civil mediation is not prohibited elsewhere in the rule, the issue of whether civil mediation should be prohibited in Bar cases would be more appropriately addressed through a rule change. Therefore, we will separately refer the issue to the Bar for consideration.

The Bar also argues that, since Murtha has engaged in disqualifying conduct while suspended, he has not demonstrated that he has been rehabilitated. The Bar contends, therefore, that the referee's report and recommendation that Murtha be reinstated should be disapproved and the petition should be denied. We agree with the Bar.

A petitioner seeking reinstatement to the Bar must establish by clear and convincing evidence that he or she has satisfied the criteria in rule 3-7.10.  Under rule 3-7.10(f), a referee must determine a petitioner's fitness to resume the practice of law.  "In making this determination, the referee will consider whether the petitioner has engaged in any disqualifying conduct, the character and fitness of the petitioner, and whether the petitioner has been rehabilitated . . . ."  R. Regulating Fla. Bar 3-7.10(f).  Specific categories of disqualifying conduct are set out in the rule, as well as factors to be considered in assigning weight and significance to prior conduct and specific "elements of rehabilitation."  R. Regulating Fla. Bar 3-7.10(f)(1)-(3).

Before this Court, "the party seeking review of the referee's recommendation has the burden to demonstrate that the report is erroneous, unlawful, or unjustified."  *Fla. Bar re Dunagan*, 775 So. 2d 959, 961 (Fla. 2000) (quoting *Fla. Bar re Grusmark*, 662 So. 2d 1235, 1236 (Fla. 1995)).  With "regard to the referee's legal conclusions and recommendations, the Court's scope of review is wider because we have the ultimate responsibility to enter the appropriate judgment."  *Id.* (quoting *Grusmark*, 662 So. 2d at 1236).

Here, since the referee is recommending that Murtha has met the criteria and should be reinstated, the burden is on the Bar to demonstrate that the referee's report is erroneous, unlawful, or unjustified.

We find that the Bar has met that burden. Without referencing rule 3-7.10(f), the referee concluded in his report that Murtha had satisfied all the elements for reinstatement. The referee found that Murtha had proven "his rehabilitation and his fitness to resume the practice of law" by "clear and convincing evidence that outweighs any evidence of potentially disqualifying conduct." Despite this legal conclusion, the referee does not specifically address the disqualifying conduct alleged by the Bar or provide any analysis as to how the evidence of rehabilitation outweighs the disqualifying conduct.

At the final hearing, the Bar presented evidence of disqualifying conduct that occurred while Murtha was suspended. In violation of rule 3-7.10(f)(1)(D), misconduct in employment, while suspended, Murtha failed to provide quarterly reports as required by rule 3-6.1(e) based on his drafting of legal complaints and conducting legal research for cases for his brother's law firm.

Although Murtha initially filed the reports, he stopped doing so because he did not believe that the work he was providing for his brother necessitated the continued filing of reports.

Further, under rule 3-7.10(f)(1)(G), financial irresponsibly, Murtha filed late and incorrect tax returns during the period of suspension. Murtha did not hire a CPA to prepare his taxes; instead, he used TurboTax and appears to have neglected to report income from his law firm on his personal taxes and filed incorrect forms for his law firm. Murtha claimed he was advised that he did not need to file based on his level of income, and that his tax returns "looked okay," but no one testified at the final hearing that they advised Murtha on his taxes. Murtha's tax forms were not, in fact, "okay." Especially in light of the condition of his suspension requiring regular consultation with a CPA, prudence would have dictated that he obtain the advice of a professional.

Additionally, while suspended, Murtha left his operating account overdrawn for 524 days, which resulted in bank fees of approximately $18,000. Compounding the imprudence reflected in having managed his affairs this way is the fact that he was

overdrawn by approximately $1,500, less than a tenth of the amount in fees he ultimately incurred.

This conduct occurred well into Murtha's suspension, and even after he had previously petitioned for reinstatement. As the Bar correctly argues, this behavior does not demonstrate that Murtha has been rehabilitated and since the underlying misconduct that caused the original suspension was financial in nature, this factor "weighs especially heavy here because this same weakness caused or contributed to the conduct that led to [Petitioner's] suspension in the first place." *Fla. Bar re Wolf*, 21 So. 3d 15, 18 (Fla. 2009).

Moreover, despite having been suspended in November 2016, Murtha continued to make deposits and write checks from his trust account until at least February 2017, and he did not arrange for an inventory attorney. Funds remained in his trust account until September 2019, long after they should have been disbursed. Murtha claims that he was unaware that he was violating the suspension order by continuing to use his trust account and was unaware that he needed to hire an inventory attorney. All members of the Bar are "within the jurisdiction and subject to the

disciplinary authority" of this Court and are "charged with notice and held to know the provisions of this rule and the standards of ethical and professional conduct prescribed by this court."  R. Regulating Fla. Bar 3-4.1.  As mentioned above, this factor weighs heavily because trust accounting irregularities were part of the original underlying misconduct.

All these violations of the suspension order refute the referee's assertion that all of the elements for reinstatement have been met. For this reason, we find the referee's recommendation lacks a basis in the rules and existing case law.  *See Wolf*, 21 So. 3d at 18 (denying reinstatement of a lawyer who practiced law while under suspension and was financially irresponsible); *Fla. Bar re Shores*, 587 So. 2d 1313 (Fla. 1991) (same).  While suspended, Murtha used his trust account, did not file the required quarterly reports of the legal work performed for his brother's firm, mismanaged his operating account, and self-filed late and incorrect tax forms that have not been corrected.  Accordingly, Murtha has failed to demonstrate that he has been rehabilitated and the referee's conclusion in opposition is not supported by the record.

## III

The referee's recommendation is disapproved.  Brian John Murtha's petition for reinstatement is hereby denied.  Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Brian John Murtha, in the amount of $9,951.96, for which sum let execution issue.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

Brett Alan Geer of The Geer Law Firm, L.C., Tampa, Florida,

　　for Petitioner

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Daniel James Quinn, Bar Counsel, The Florida Bar, Orlando, Florida; and Chris W. Altenbernd of Banker Lopez Gassler P.A., Tampa, Florida,

　　for Respondent